Cliff Fonstein
Joanne Seltzer
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendants
Deutsche Bank AG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |  |
|---|---|---|
| GINA ESPOSITO, | : | |
| | : | 07 Civ. 6722 (KMK)(AJP) |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| DEUTSCHE BANK AG | : | |
| | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

## SIDLEY AUSTIN LLP

ATTORNEYS FOR    Defendant
Deutsche Bank AG

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

THE COMPLAINT ................................................................................................................... 2

ARGUMENT ............................................................................................................................. 5

    I.      STANDARD OF REVIEW ...................................................................................... 5

    II.     ESPOSITO'S STATE AND CITY CLAIMS ARE TIME-BARRED. ................... 5

    III.    ESPOSITO'S CLAIMS OF DISCRIMINATORY AND RETALIATORY
           PAY AND FAILURE TO PROMOTE UNDER THE ADEA AND TITLE
           VII ARE TIME-BARRED. ....................................................................................... 6

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

### CASES

Alter v. Bogoricin,
    No. 97 Civ. 0662, 1997 U.S. Dist. LEXIS 17369 (S.D.N.Y. Nov. 6, 1997)................2

Bell Atlantic Corporation v. Twombly,
    127 S. Ct. 1955 (2007)..................................................................................5

Benjamin v. Brookhaven Science Associates, LLC,
    387 F. Supp. 2d 146 (E.D.N.Y. 2005) ..........................................................7

Butts v. N.Y.C. Department of Housing Preservation & Development,
    No. 00 Civ 6307, 2007 U.S. Dist. LEXIS 6534 (S.D.N.Y. Jan. 29, 2007)...............5-6

Conley v. Gibson,
    355 U.S. 41 (1957) ....................................................................................5

Delaware State College v. Ricks,
    449 U.S. 250 (1980) ...................................................................................8

Farage v. Johnson McClean Tech.,
    No. 01 Civ. 4856, 2002 WL. 1067824 (S.D.N.Y. May 29, 2002) ................................6

Grasso v. Chase Manhattan Bank,
    No. 01 Civ. 4371, 2002 WL. 575667 (S.D.N.Y. Apr. 17, 2002)....................................6

Greene v. Trustees of Columbia University,
    234 F. Supp. 2d 368 (S.D.N.Y. 2002) ..........................................................6

Hourahan v. Ecuadorian Line, Inc.,
    No. 95 Civ. 10698, 1997 WL. 2518 (S.D.N.Y. Jan. 3, 1997) .......................................7

Idrees v. City of N.Y. Department of Parks & Recreation,
    No. 04 Civ. 2197, 2005 U.S. Dist. LEXIS 7643 (S.D.N.Y. May 3, 2005)...................7

Ledbetter v. Goodyear Tire and Rubber Co.,
    127 S. Ct. 2162 (2007)..................................................................................7

Mason v. America Tobacco Co.,
    346 F.3d 36 (2d Cir. 2003) ..........................................................................2

Miller v. International Telegraph & Telegraph Corp.,
    755 F.2d 20 (2d Cir. 1985) ..........................................................................8

National Railroad Passenger Corporation v. Morgan,
    536 U.S. 101 (2002) ................................................................................................7

Quinn v. Green Tree Credit Corp.,
    159 F.3d 759 (2d Cir. 1998) ...................................................................................6

Stamelman v. Fleishman-Hillard, Inc., No. 02 Civ. 8318, 2003 WL. 21782645
    (S.D.N.Y. July 31, 2003) .........................................................................................2

## **STATUTES**

29 U.S.C. § 626(d)........................................................................................................6

## **OTHER**

Federal Rule of Civil Procedure 12(b)(6)...........................................................................1

5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d
    ed. 2004) .................................................................................................................5

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
## OF PLAINTIFF'S COMPLAINT

Defendant, Deutsche Bank AG, New York branch ("DB" or the "Bank"), by its attorneys, Sidley Austin LLP, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the time-barred allegations in Plaintiff Gina Esposito's Complaint for failure to state a claim upon which relief may be granted.

### PRELIMINARY STATEMENT

In her Complaint, Plaintiff Gina Esposito ("Esposito"), a former DB employee, argues that DB discriminated against her on the basis of age, under the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), as the result of a series of allegedly discriminatory acts dating back to her hire in 1999. Moreover, Esposito argues that DB retaliated against her in violation of Title VII, the NYSHRL and the NYCHRL for reporting her suspicion that a female employee was sexually harassing her male counterparts. However, as more fully explained below, the majority of the purportedly discriminatory acts that Esposito points to are time-barred under both federal, state and city law.

Claims brought under the NYSHRL and the NYCHRL are governed by a three-year statute of limitations, measured from the filing of the action in court. Esposito did not file the present Complaint until July 26, 2007. Accordingly, any claims that arose before July 26, 2004, three years before Esposito filed her Complaint, are time-barred under both state and city laws. As the last fact alleged to give rise to her Complaint occurred on May 3, 2001, Esposito's state and city claims are time-barred. Moreover, under the ADEA and Title VII, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")

1

within 300 days of the allegedly discriminatory act. Esposito filed her charge on February 6, 2002, and, therefore, any act that occurred before April 12, 2001 – 300 days before she filed her charge – is time-barred.[1] Put another way, since Esposito filed her charge 279 days after her resignation, only those acts that occurred within the last twenty-one days of her employment can be used as the basis of her allegations of discrimination and retaliation. As such, the discrete discriminatory and retaliatory acts that Esposito describes in her Complaint, namely, DB's compensation and promotion decisions arising prior to April 12, 2001, are also time-barred because they arose over 300 days before she filed her EEOC charge. In short, the only claims in Esposito's Complaint that may be marginally timely are her hostile environment claims under the ADEA and Title VII.

## THE COMPLAINT

For purposes of this motion only, DB will assume (as it must) the truth of the allegations contained in the Complaint, except to the extent that they are contradicted by, or inconsistent with, the documents referenced in the Complaint, or consist of legal conclusions couched as factual allegations. Mason v. Am. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003).

Esposito alleges that she began working for DB as an outside consultant in 1998 and was hired as an employee on June 7, 1999, when she was 44 years old. (Complaint, ¶¶ 3, 20.)[2] The Complaint alleges that, within a few days of her hire, Esposito's supervisor, John Dall, began a campaign of discriminatory treatment against her on the basis of her age. (Complaint, ¶¶

---

[1] A copy of Esposito's EEOC Charge is attached to the Affirmation of Joanne Seltzer in Support of DB's Partial Motion to Dismiss (the "Seltzer Aff.") as Exhibit "A." While Esposito did not attach her EEOC Charge to her Complaint, she states in her Complaint that she filed a Charge on February 6, 2002. (Complaint, ¶ 85.) When a plaintiff fails to attach or to incorporate by reference a document that is integral to the Complaint, the Court may take that document into account in deciding a motion to dismiss. See Stamelman v. Fleishman-Hillard, Inc., No. 02 Civ. 8318, 2003 WL 21782645, at *2 (S.D.N.Y. July 31, 2003); Alter v. Bogoricin, No. 97 Civ. 0662, 1997 U.S. Dist. LEXIS 17369, at *10 (S.D.N.Y. Nov. 6, 1997).

[2] A copy of Plaintiff's Complaint, filed on July 26, 2007, is attached to the Seltzer Aff as Exhibit "B."

34-44.) Additionally, Esposito alleges that, after she complained to Human Resources ("HR") about a sexual harassment issue involving another employee, Dall intensified his efforts to create a hostile work environment for her. (Complaint, ¶ 66.) Esposito further claims that, in November 2000, she complained again to HR about Dall's berating her for having reported the purported sexual harassment and voiced her concern that he would retaliate against her for her complaints in considering her for bonuses and raises. (Complaint, ¶ 64.) The Complaint concludes that Dall's actions and behavior compelled Esposito to resign from DB effective May 3, 2001. (Complaint, ¶ 82.) Esposito claims that Dall took the following discrete actions against her as a result of her age and in retaliation for her complaint to Human Resources:

| Date | Alleged Act |
| --- | --- |
| By January 2001 | Esposito's co-workers, Joanne Passiatore and Dan Richards received bonuses of $55,000 each, whereas Esposito received a bonus of $30,000. (Complaint, ¶ 71.) |
| In 2001[3] | Passiatore and Richards received salary increases of $20,000 each in 2001, whereas Esposito received a salary increase of $3,000 for that same year. (Complaint, ¶ 71.) |
| April 2001[4] | Esposito discussed the promotions of Passiatore and Richards with John Dall. Based on his comments, she understood him to mean that younger workers had a better future at DB than did older workers. (Complaint, ¶ 75.) |

---

[3] Plaintiff is purposely vague about the date on which she was notified of her salary increase. In light of the strict chronology Plaintiff maintains in her Complaint, placing the communication of the salary increase between events dated January 2001 and April 2001 (Complaint, ¶¶ 70-75), it can be assumed that the salary increases were communicated in early 2001, most likely at the time her bonus amount was communicated to her in January 2001.
[4] Again, Esposito's Complaint purposely omits the exact date on which this exchange between Esposito and Dall occurred. Esposito states that "[i]n April 2001" she discussed the promotions of her younger coworkers with Dall and that "[b]y April 18, 2001" it was noticed that Dall had promoted the younger coworkers and not Esposito. (Complaint, ¶¶ 75 & 81.) Since the facts in Esposito's Complaint are set forth in chronological order, the meeting with Dall should have occurred, based on that chronology, in early April. This meeting is described in Paragraph 75 of the Complaint and, in subsequent paragraphs, Esposito describes events that occurred later, on April 5, 2001 (Complaint, ¶ 80) and events that began on the week of April 11, 2001 (Complaint, ¶ 81.) Significantly, in her EEOC Charge of discrimination, Esposito makes no mention of the April 18th date, when the promotions were purportedly "noticed." (EEOC Charge, ¶ 12.) Accordingly, Esposito's transparent attempts to avoid dismissal of her time-barred claims by deliberate vagueness about their occurrence should be rejected.

In addition to the above discrete employment actions, Esposito claims that during the entire period of her employment (June 7, 1999 to May 3, 2001), Dall subjected her to a hostile environment on the basis of her age and in retaliation for her complaints to HR, in August and November 2000, regarding purported sexual harassment by another employee. Specifically, Esposito claims that Dall: (1) told her, within days of her hire, "you don't have your feet too deep yet; why don't you consider leaving" (Complaint, ¶ 35); (2) verbally abused her by chastising and reprimanding her in front of others and calling into question many of her decisions (Complaint, ¶¶ 36 & 68); (3) told her that she was "resistant to change" (Complaint, ¶ 40); (4) socialized with younger workers outside of the office (Complaint, ¶ 44); (5) subjected her to a seven hour performance review over a two day period (Complaint, ¶ 67); (6) engaged in "snickering and whispering conversations" with younger employees in Esposito's presence (Complaint, ¶68); (7) read her a letter from the head of Human Resources Globe praising her performance and threw it in the wastepaper basket with a "sadistic smirk on his face" (Complaint, ¶ 80) and (8) engaged in a week of "intense snickering and whispering" in April 2001. Only the last incident is described in the Complaint as potentially occurring after April 12, 2001. As a result of this purported harassing and retaliatory behavior, Esposito resigned her position on May 3, 2001. (Complaint, ¶ 82.)

On February 6, 2002, Esposito filed a Charge of Discrimination with EEOC, which issued a Notice of Right to Sue on April 30, 2007. (Complaint, ¶¶ 85-86.)

## ARGUMENT

### I.    STANDARD OF REVIEW

In <u>Bell Atlantic Corporation v. Twombly</u>, 127 S. Ct. 1955 (2007), the Supreme Court recently announced a new standard for determining Rule 12(b)(6) motions. Reversing the Second Circuit's denial of a Rule 12(b)(6) motion, the Court rejected its previous formulation of the standard for evaluating a Rule 12(b)(6) motion, set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), that dismissal of a complaint under Rule 12(b)(6) is warranted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 45-46. Instead, the Court stressed that, to survive a Rule 12(b)(6) motion, a plaintiff must set forth factual allegations sufficient to "raise a right to relief above a speculative level." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). The Court concluded:

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at a point of minimum expenditure of time and money by the parties and the court'.

Id. at 1966 (citations omitted). Accordingly, Esposito must demonstrate that her Complaint sets forth factual allegations that not only sufficiently state all the elements of each of her causes of action, but also that it do so in a way that makes her right to relief more than just speculation – a burden Esposito cannot meet here.

### II.    ESPOSITO'S STATE AND CITY CLAIMS ARE TIME-BARRED.

All of Esposito's claims under the NYSHRL and NYCHRL should be dismissed as time-barred. Claims arising under the NYSHRL and the NYCHRL are governed by a three-year statute of limitations, measured from the filing of the action in court. <u>Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.</u>, No. 00 Civ. 6307, 2007 U.S. Dist. LEXIS 6534, at *20 (S.D.N.Y. Jan. 29,

2007) (both State and City Human Rights Laws give complainants three years from the date of the alleged discriminatory act to file suit)[5]; Quinn v. Green Tree Credit Corp., 159 F.3d 759, 766 (2d Cir. 1998) (dismissing NYSHRL claim brought more than three years after the alleged discriminatory acts occurred as time-barred); Greene v. Trustees of Columbia Univ., 234 F. Supp. 2d 368, 377 (S.D.N.Y. 2002) (statute of limitations for discriminatory actions under the NYSHRL is three years); Farage v. Johnson McClean Tech., No. 01 Civ. 4856, 2002 WL 1067824, at *5 (S.D.N.Y. May 29, 2002) (holding that, under the NYSHRL, a plaintiff suing for discrimination must file a lawsuit within three years after the alleged unlawful practice).

Esposito filed her Complaint on July 26, 2007 and, thus, any State and City claim based on alleged acts occurring before July 26, 2004 are time-barred. Since all of the purportedly discriminatory and retaliatory actions that Esposito sets forth in her Complaint arose on or before her termination on May 3, 2001, all of her claims under the NYSHRL and the NYCHRL should be dismissed as untimely.

## III.    ESPOSITO'S CLAIMS OF DISCRIMINATORY AND RETALIATORY PAY AND FAILURE TO PROMOTE UNDER THE ADEA AND TITLE VII ARE TIME-BARRED.

Esposito claims that DB discriminated and retaliated against her when it made its compensation decisions regarding her salary and bonus, in or about January 2001, and when it decided not to promote her, in or about April 2001.  These claims should be dismissed under both Title VII and the ADEA because Esposito did not file a timely charge with the EEOC with respect to the claims.  Under the ADEA and Title VII, a charge must be filed within 180 days of the alleged unlawful employment practice, or, if the charge was initially filed with a state or local agency, within 300 days of the alleged unlawful employment practice or within 30 days after the plaintiff receives notice of the termination of the state proceedings, whichever is earlier.

---

[5] Copies of unpublished decisions are attached hereto as Exhibit "A."

29 U.S.C. § 626(d). See also Grasso v. Chase Manhattan Bank, No. 01 Civ. 4371, 2002 WL 575667, at *3 (S.D.N.Y. Apr. 17, 2002). Filing a timely charge is a prerequisite to commencing an action in federal court. Hourahan v. Ecuadorian Line, Inc., No. 95 Civ. 10698, 1997 WL 2518, at *3 (S.D.N.Y. Jan. 3, 1997) ("It is well established that when a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred.") (quotation omitted). "The filling [sic] deadlines for a charge of discrimination act as a 'statute of limitations' and a failure to timely file a charge acts as a bar to plaintiff's action." Butts, 2007 U.S. Dist. LEXIS 6534 , at *20 (citations omitted). Esposito filed a charge with the EEOC on February 6, 2002. Accordingly, all allegedly discriminatory incidents that occurred prior to April 12, 2001, 300 days before she filed her EEOC Charge, are time-barred.

The Supreme Court expressly held in National Railroad Passenger Corporation v. Morgan, 536 U.S. 101 (2002), and, most recently, in Ledbetter v. Goodyear Tire and Rubber Co., 127 S. Ct. 2162 (2007), that discriminatory and retaliatory acts such as "termination, *failure to promote*, denial of transfer or refusal to hire" constitute discrete actions that are not actionable if not filed within the 300 day charge filing period, even when they are related to acts alleged in timely filed charges. Morgan, 536 U.S. at 113 & 114 (emphasis added); Ledbetter, 127 S. Ct. at 2175. Ledbetter further clarified that discriminatory pay decisions are similarly discrete actions, each of which is "independently identifiable and actionable". Ledbetter, 127 S. Ct. at 2175. As such, the time for filing a claim of discrimination or retaliation with respect to such pay and promotion decisions begins when the employee is informed of them. Id. at 2175-76. See also Benjamin v. Brookhaven Science Assocs., LLC, 387 F. Supp. 2d 146, 154 (E.D.N.Y. 2005) ("[I]t is well settled in the Second Circuit that alleged failures to compensate adequately, transfers, job assignments and promotions are discrete acts and, if untimely, cannot form the basis of a

7

continuing violation."); Idrees v. City of N.Y. Dep't of Parks & Recreation, No. 04 Civ. 2197, 2005 U.S. Dist. LEXIS 7643, at *16 (S.D.N.Y. May 3, 2005) ("[U]ntimely failure to promote claims cannot be brought within the ambit of the continuing violation doctrine and must be dismissed.").

The statute of limitations period in the case of employment discrimination begins when the allegedly discriminatory decision "was made and communicated" to the employee. Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980). See also Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 22-23 (2d Cir. 1985) (limitations period began running on the day the plaintiff received oral notice from his supervisor that "he would, absent exceptional circumstances, be removed from the payroll on April 1, 1979," and not on the date he was actually removed from payroll), cert. denied, 474 U.S. 851 (1985); Grasso, 2002 WL 575667, at *3 (limitations period began running when the decision to deny plaintiff employment was made and communicated to him).

Applying the above rules here requires dismissal of Esposito's compensation and promotion claims. Esposito claims that, in January 2001, her two "younger co-workers," received bonuses of $55,000 each, while Esposito received a bonus of $30,000. (Complaint, ¶ 71.) Even if the communication had been made on the last day of January, Esposito would have had to file a claim with the EEOC on or before November 27, 2001 to render her claim of discriminatory and retaliatory failure to compensate actionable. Similarly, Esposito's claim that the "younger co-workers" received salary increases for 2001 of $20,000 each, while Esposito received a salary increase of $3,000, which, most likely, would have similarly been communicated in January 2001, when Esposito was informed of her incentive compensation, is untimely since it was not filed on or before November 27, 2001. (Complaint, ¶¶ 71-73.) Finally,

8

Esposito claims that "[i]n April 2001," she discussed with Dall the promotions of her two co-workers and "understood it to mean" that "younger workers had a better future at Deutsche Bank than did older workers." (Complaint, ¶ 75.) Although Esposito does not specify the actual date of the alleged meeting with Dall during which she became aware that the promotions were only being awarded to the younger co-workers, the Complaint's strict chronology indicates that the meeting occurred some time before April 5, 2001 since a subsequent paragraph in the Complaint describes an incident that occurred on that date. (Complaint, ¶ 80.) To be actionable, however, Esposito would have had to have learned of the decision to deny her a promotion on or after April 12, 2001 (300 days before the filing of her EEOC charge on February 6, 2002). Unless Esposito can come forward with a clearer statement of when the meeting with Dall occurred or when she otherwise first found out about the promotion decision, it should be assumed that she knew or should have known of the promotion decision before April 12, 2001.

Because Esposito's ADEA and Title VII claims of discrimination and retaliation with respect to compensation and promotion are discrete actions, and because she became aware of these claims before April 12, 2001, these claims should be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, DB respectfully requests that the Court grant its motion for partial dismissal of Esposito's Complaint and dismiss all claims brought by Esposito under the NYSHRL and the NYCHRL as well as her claims for discriminatory compensation and promotion practices under both the ADEA and Title VII, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 29, 2007

                          SIDLEY AUSTIN LLP


By: _____
       Cliff Fonstein
       Joanne Seltzer
       787 Seventh Avenue
       New York, New York 10019
       (212) 839-5300

       Attorneys for Defendant
       Deutsche Bank AG New York branch

10

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on August 29, 2007, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion For Partial Dismissal of Plaintiff's Complaint to be served by Federal Express overnight delivery upon the following:

> J. Patrick DeLince, Esq.
> DELINCE LAW PLLC
> 44 Wall Street, 10th Floor
> New York, New York 10005

_____
Joanne Seltzer

11