Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 2002 WL 575667 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Grasso v. Chase Manhattan Bank
S.D.N.Y.,2002.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Francisco GRASSO, Plaintiff,
v.
CHASE MANHATTAN BANK, at al. Defendants.
**No. 01 Civ. 4371(AKH).**

April 17, 2002.

*MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS PORTIONS OF THE AMENDED COMPLAINT*
HELLERSTEIN, J.
*1 Defendants Chase Manhattan Bank and Carol A. Pizzingrillo move to dismiss portions of plaintiff Francisco Grasso's pro se employment discrimination lawsuit based upon defendants' refusal to hire plaintiff in connection with several employment applications from 1992 through 2001. In his amended complaint, plaintiff alleges that defendants' actions violated the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act. Plaintiff further alleges claims for intentional and negligent infliction of emotional distress, deceptive advertising, entrapment, and intentional and negligent infliction of emotional distress under the Jones Act.

For the reasons explained below, I grant defendant Chase Manhattan's motion to dismiss all of plaintiffs employment discrimination claims under Title VII and the ADEA based on events occurring over 300 days before February 7, 2001, when plaintiff filed a charge with the EEOC. I also dismiss plaintiff's claims for negligent and intentional infliction of emotional distress under both common law and the Jones Act, deceptive advertising, and entrapment for failure to state a claim. Finally, I dismiss all of plaintiff's claims against the individual defendants, including Carol A. Pizzingrillo, Jane Does numbers one through three, and John Doe, because there is no individual liability for employment discrimination under Title VII or the ADEA.

Therefore, Plaintiff's only remaining claims are those under Title VII and the ADEA alleging that Chase discriminated against him on the basis of race, national origin, and age when it refused to hire him in January 2001.

*I. Background*

Plaintiff Francisco Grasso alleges that he is an Hispanic male born in Costa Rica on September 12, 1956. His original complaint, filed May 22, 2001, alleged causes of action under Title VII and the ADEA arising from defendant Chase Manhattan Bank's ("Chase") denial of his January 2001 application for employment as a teller. Plaintiff alleged that Chase's decision based on his race, national origin and age. On August 27, 2001, plaintiff filed an amended complaint which added additional Title VII and ADEA causes of action based upon Chase's denial of previous employment applications in 1992 through 1995 and in December 1998. The amended complaint also alleged additional causes of action for intentional and negligent infliction of emotional distress under both New York law and the Jones Act, as well as claims for deceptive advertising and entrapment.

In his amended complaint, plaintiff alleges that defendants discriminated against him in refusing to hire him over three distinct time periods. Plaintiff alleges that he applied for jobs with Chase several times between 1992 and 1995. During this period, he alleges that he was twice interviewed by an African-American female who was "odious in her demeanor" toward him. He alleges that she refused to consider him for employment despite his having passed Chase examinations in mathematics and reasoning.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 575667 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

*2 For the second group of incidents of discrimination, the amended complaint alleges that plaintiff again applied for a position as a teller at Chase's Long Beach branch in December of 1998.[FN1] Again, he alleges that he passed the examination given and was offered training for the job. Plaintiff returned for training and completed additional testing. He then alleges that defendant Carol A. Pizzingrillo told him that he had failed the final examination and asked him to leave. When plaintiff asked to see his results, Ms. Pizzingrillo told him he had to contact Chase headquarters to obtain his results. Plaintiff alleges that he was the only "older" person at the training, and that the African-American trainees were given special assistance which was not offered to plaintiff. Plaintiff further alleges that he went to see the manager of the Long Beach Branch approximately two weeks later and was received by defendant Jane Doe # 2 who, acting bewildered, referred him to defendant Jane Doe # 3, who appeared "completely alarmed by his presence" because she moved bundles of cash away from him to the far side of her table.

> FN1. In this section of his complaint, plaintiff makes allegations concerning a sequence of alleged discrimination occurring in December 1998 and January 1998. Because the complaint states the allegations in sequential narrative form, it is likely that plaintiff's allegations refer either to December 1997 and January 1998 (as is assumed by the defendants in their motion papers), or to December 1998 and January 1999. Because all of plaintiff's Title VII and ADEA allegations arising out of events in 1997, 1998 or 1999 would be time-barred, the remainder of this opinion gives plaintiff the benefit of the more recent dates, and thus assumes that plaintiff's second set of allegations refer to events in December 1998 and January 1999.

For a third incident of discrimination, plaintiff alleges that he again applied for work at Chase on January 26, 2001 and passed the exams given to him. Plaintiff alleges that he subsequently returned for an interview with Chase employee Miriam Morales, who "treated him with contempt." Plaintiff alleges that Ms. Morales told plaintiff that she could not hire him because he had not mentioned on his application that he had been previously employed by Chase. Plaintiff alleges that his explanation that he had not realized that his brief training program in January 1998 amounted to employment was rebuffed by Ms. Morales.

On February 7, 2001, plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC) complaining that Chase's failure to hire him in January of 2001 was a result of discrimination based upon his age, race and national origin. The EEOC issued a Right to Sue letter to plaintiff on February 15, 2001. Plaintiff filed the original complaint in this lawsuit on May 22, 2001, naming only Chase as the defendant and alleging discrimination based only upon his January 2001 employment application. On August 27, 2001, plaintiff filed an amended complaint adding defendant Carol A. Pizzigrillo and four other unidentified individual defendants, and adding allegations concerning his employment applications in 1992 through 1995 and in December 1998. The amended complaint also added causes of action for negligent and emotional infliction of emotional distress under common law and the Jones Act, deceptive advertising, and entrapment to plaintiff's original discrimination claims under Title VII and the ADEA.

II. *Discussion*

A. *12(b)(6) Standards*

A district judge may dismiss a complaint challenged by a Rule 12(b)(6) motion, Fed.R.Civ.P. 12(b)(6), only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *D'Alessio v. New York Stock Exchange, Inc.,* 258 F.3d 93, 99 (2d Cir.1991). Thus, for the purposes of this motion, all material allegations of the complaint are to be accepted as true, and all reasonable inferences

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 3
Not Reported in F.Supp.2d, 2002 WL 575667 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

are to be drawn in favor of the nonmoving party. *Id.* Moreover, "it is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001) (quoting *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996)).

### B. *Plaintiff's Title VII and ADEA Claims for Discrimination Prior to April 2000 Are Time-Barred*

*3 In his amended complaint, plaintiff brings discrimination claims under Title VII and the ADEA arising out of his employment applications with Chase in 1992 through 1995, in December 1998, and in January 2001. In order for a plaintiff to bring a civil lawsuit for employment discrimination under Title VII or the ADEA, he must first timely file a charge of discrimination with the EEOC. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5; *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001); *Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 325 (2d Cir.1999). In a state, such as New York, which authorizes an agency to enforce the state's own laws forbidding discrimination, such charge must be filed with the EEOC within 300 days after the unlawful discrimination occurred or within 30 days after the plaintiff receives notice of the termination of state proceedings, whichever is earlier. 29 U.S.C. § 626(d)(2); 42 U.S.C. § 2000e-5(e)(1).

According to plaintiff's allegations, he filed his only complaint with the EEOC on February 7, 2001. Applying the limitations periods outlined above, I may only consider plaintiff's claims involving discrimination which occurred within 300 days before February 7, 2001-that is, actions that occurred on or after April 13, 2000. Therefore, all of plaintiff's claims in his amended complaint arising out of his employment applications with Chase in 1992-1995 and in December 1998 and January 1999 are stricken, and the causes of action based upon them are dismissed. Chase's allegedly discriminatory decision to deny plaintiff employment had been made and communicated to plaintiff in each of these alleged incidents long before April 13, 2000. *See Delaware State College v. Ricks,* 499 U.S. 250, 262 (1980) (discrimination occurs when discriminatory employment decision is made by employer and communicated to-plaintiff). I therefore dismiss all of plaintiff's Title VII and ADEA claims based on events which allegedly occurred before April 13, 2000.

### C. *Individual Defendants Not Liable for Discrimination*

Plaintiff's discrimination claims under Title VII and the ADEA cannot be maintained against the individual Chase employees named as defendants. Neither Title VII nor the ADEA authorizes discrimination suits against individual employees. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1314 (2d Cir.1995) (individual employees are not subject to civil liability for discrimination under Title VII); *Boise v. Boufford,* 127 F.Supp.2d 467, 472 (S.D.N.Y.2001) (applying *Tomka'* s reasoning to the ADEA and citing cases). Therefore, all of plaintiff's claims against individual defendants Jane Doe # 1, Jane Doe # 2, Jane Doe # 3, John Doe # 1, and Carol Pizzingrillo, alleging discrimination on the basis of race, national origin, and age under Title VII and the ADEA are dismissed.

### D. *Plaintiff's Claims for Infliction of Emotional Distress Are Untenable*

1. *Intentional Infliction of Emotional Distress*

*4 Even construing the plaintiff's original and amended complaints leniently, plaintiff's allegations do not state a cause of action for intentional infliction of emotional distress. To make out a claim for intentional infliction of emotional distress under New York law, plaintiff must allege: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress." *Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 121 (1993). Plaintiff's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 4

Not Reported in F.Supp.2d, 2002 WL 575667 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

amended complaint fails to adequately allege the first element; "extreme or outrageous conduct" on the part of Chase or its employees.

Because the threshold of "extreme and outrageous conduct" is so high, the pleading requirements for intentional infliction of emotional distress are difficult to satisfy. *Id.; Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 303 (1983). Indeed, the New York Court of Appeals has recognized that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, as utterly intolerable in a civilized community." *Murphy,* 58 N.Y.2d at 303 (quoting Restatement (Second) of Torts § 46[1], cmt. d).

Here, the conduct alleged against Chase employees and agents does not satisfy this stringent standard. In conjunction with his employment applications in 1992 through 1995 plaintiff was interviewed twice by a woman who, he claims, exhibited an "odious demeanor." In conjunction with his employment application at the end of 1998, plaintiff alleges that he was dismissed from the training program by Chase trainer Carol Pizzingrillo because she informed him that he had failed a test. Plaintiff further alleges that when he returned for training one unidentified manager acted "bewildered" to see him, and another unidentified employee assigned to train him was "completely alarmed by [plaintiff's] presence" and moved bundles of cash away from him to the other side of her table. Finally, plaintiff alleged that Chase employee Miriam Morales treated him with "contempt" when he was interviewed again in January 2001. After telling plaintiff to wait outside her office for half an hour, Ms. Morales told plaintiff she could not hire him because he had neglected to mention that he had been previously employed by Chase. She refused to change her mind after plaintiff explained that he did not understand that his brief stint in a Chase training program did not count as previous employment.

The alleged behavior of Chase employees does not exceed the bounds of civilized decency. The tort of intentional infliction of emotional distress is not adequately alleged. *See Murphy v. American Home Prods. Corp.,* 112 Misc.2d 507, 508-09 (Sup.Ct.N.Y.Cty.), *modified* 88 A.D.2d 870 (1st Dep't 1982), *modified* 58 N.Y.2d 293 (1983) (describing employer's conduct in discharge of plaintiff employee which the Court of Appeals-held inadequately outrageous as a matter of law). Plaintiff's claims for intentional infliction of emotional distress are therefore dismissed.[FN2]

> FN2. To the extent that any of plaintiff's claims for intentional or negligent infliction of emotional distress arise out of events occurring before May 22, 1998 they would also be time-barred by the applicable three-year New York statute of limitations. N.Y. CPLR § 214 (McKinney's 1990).

### 2. *Negligent Infliction of Emotional Distress*

*5 In New York, a plaintiff cannot recover on a claim for negligent infliction of emotional distress unless the defendant's negligence unreasonably threatened plaintiff's physical safety, or, in other words, unless plaintiff was in the "zone of danger." *DeAguiar v. County of Suffolk,* 289 A.D.2d 280, 281 (2d Dep't 2001); *Doe v. Archbishop Stepinac High School,* 286 A.D.2d 478, 479 (2d Dep't 2001). Plaintiff does not allege that his physical safety was in any way threatened by the defendants' negligence and therefore his negligent infliction of emotional distress claims are dismissed.

### E. *Plaintiff Fails to State a Claim for Deceptive Advertising*

In his amended complaint, plaintiff adds a claim of "deceptive advertising" against Chase to his employment discrimination and tort claims. Presumably, plaintiff is arguing that Chase's advertisements seeking prospective employment applicants were false because he responded to such advertisements several times and was not hired. Plaintiff does not, however, allege consumer-oriented conduct required to state a claim for false advertising under New York Law. *Oswego Laborers' Local 214 Pension Fund v. Marine*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 5

Not Reported in F.Supp.2d, 2002 WL 575667 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

*Midland Bank,* 85 N.Y.2d 20, 25 (1995); N.Y. Gen. Bus. Law §§ 349, 350 (McKinney's 1990). His deceptive advertising claims are therefore dismissed.

F. *Plaintiff Fails to State Claims for Entrapment or Under the Jones Act*

In his amended complaint, plaintiff also appends conclusory allegations of entrapment and of intentional and negligent infliction of emotional distress under the Jones Act. Neither claim is applicable to this lawsuit. Under New York law, entrapment is a defense only to criminal charges and has no applicability as an affirmative civil claim. Similarly inapplicable, the Jones Act only involves maritime tort claims. Plaintiff's entrapment and Jones Act claims are therefore also dismissed.

III. *Conclusion*

For the forgoing reasons, plaintiff's claims arising out of alleged occurrences before April 13, 2000, and all of plaintiff's claims against the five individual defendants are dismissed. Plaintiff's claims for intentional and negligent infliction of emotional distress, deceptive advertising, entrapment, and all claims under the Jones Act are likewise dismissed.

Therefore, Plaintiff's only remaining claims are those alleged in his original complaint under Title VII and the ADEA alleging that Chase discriminated against him on the basis of race, national origin, and age when it refused to hire him in January 2001. The amended complaint is stricken.

The parties shall appear for a case management conference on Friday, May 3 at 9:30 a.m. in Courtroom 14D, in the United States Courthouse at 500 Pearl Street, New York, New York.

SO ORDERED.

S.D.N.Y.,2002.
Grasso v. Chase Manhattan Bank
Not Reported in F.Supp.2d, 2002 WL 575667 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.