# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☒ EEOC

CHARGE NUMBER: 160-A2-00619

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.): Ms. Gina Esposito
HOME TELEPHONE (Include Area Code): (201) 438-4825
STREET ADDRESS: 131 Livingston Avenue
CITY, STATE AND ZIP CODE: Lyndhurst, NJ 07071
DATE OF BIRTH: 11/4/54

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: Deutsche Bank AG
NUMBER OF EMPLOYEES, MEMBERS: 500+
TELEPHONE (Include Area Code): (212) 469-8000
STREET ADDRESS: 31 West 52nd Street
CITY, STATE AND ZIP CODE: New York, NY 10019
COUNTY: New York

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ AGE
☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): June 1999
LATEST (ALL): May 3, 2001
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

please see attached.

RECEIVED EEOC NYDO 2002 FEB -8 PM 3 52

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: Gina Esposito

NOTARY - When necessary for State and Local Requirements
Beverly Hartstein

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT: Gina Esposito

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

Sworn Before Me This 6th day of Feb. 2002

BEVERLY HARTSTEIN
Notary Public, State of New York
No. 24-4872993
Qualified in Kings County
Commission Expires Oct. 6, 2002

## CHARGE OF DISCRIMINATION

Gina Esposito v. Deutsche Bank AG

1. I am 47 years old. My date of birth is November 4, 1954. I was employed by Deutsche Bank AG ("Deutsche Bank), from June 7, 1999 through May 3, 2001. I was hired by Bernadette Whitaker, then Director of Human Resources Shared Services, and I worked in Deutsche Bank's Human Resources department as an Assistant Vice President/Relocation Manager.

2. Throughout the course of my employment with Deutsche Bank, I was qualified for the position I held and I always performed my duties in a professional and competent manner.

3. Beginning in approximately June 1999, I was supervised by John Dall. Dall is several years younger than I am and is now about 40 years old.

4. Prior to my termination, John Dall hired two younger people in my department who initially held the same position I did as Assistant Vice President. Both of my younger colleagues lacked any substantial management experience; one, Joanne Passiatore was under 30, and the other, Dan Richards, was about 32.

5. A few days after he became my supervisor in June 1999, Dall began verbally abusing me. He made it known that he did not want me in his department by telling me that "you don't have your feet in too deep yet; why don't you consider leaving?" His abuse was berating, hostile, and frequent, continuing throughout the period of my employment with Deutsche Bank. I believe that Dall engaged in this and other conduct as part of a campaign to force me to resign, and I believe his actions were motivated by age bias.

6. Dall's language reflected his age bias. When an employee in her 50's left the Human Resources department, Dall said this was just as well because she was "older" and "resistant to change". He also told me, on a separate occasion, that I was "resistant to change".

7. On one occasion, I complained to Dall that one of my staff members, a woman, appeared to be sexually harassing male employees. Dall refused to offer assistance, and I then discussed the problem with Leslie Garfield, who provided Human Resources support to our department. When Dall found out that I had complained again about the sexual harassment, he retaliated against me by screaming at me and warning me never to report any problems to Garfield again (even though Garfield was responsible for human resources issues in my department). He told me "Don't you dare ever speak to Leslie about anything. I don't ever want to see you in her office or hear from anyone that you've been in there." He also berated me on a daily basis about my staff person, who ultimately resigned (Dall's abuse continued after her resignation). Dall also retaliated against me for having complained about my staff member's conduct when Dall completed my performance evaluation for 2000, and when he gave me a lower bonus and raise than my younger co-workers, as discussed below.

8. Dall continued to verbally abuse me, and I reported this abuse to Garfield,

who discussed my complaint with Dall. When Dall learned I had complained to Garfield about his abuse, he was extremely angry and hostile, and again told me I could not discuss problems with Garfield.

9. On one occasion, Dall berated me in front of Garfield, telling me I had mishandled a conversation with my staff member related to her behavior. Garfield told Dall that I had conducted myself in an excellent and professional manner and acted appropriately in reporting what I believed to be sexual harassment engaged in by my staff member.

10. Dall treated my younger co-workers more favorably than me, giving them larger raises than I received, as well as larger bonuses and promotions, although I was more experienced, worked much longer hours than either, and performed as well as or better than either of my younger peers.

11. Upon information and belief, in 2001, Passiatore and Richards received bonuses of $55,000. I received a bonus of $30,000 in 2001. Upon information and belief, Passiatore and Richards received salary increases of $20,000 each in 2001, compared with my $3,000 salary increase. Dall promoted both Passiatore and Richards to Vice President in 2001; Dall did not promote me. Dall informed me that Don Jones, the head of Human Resources, had mandated a 4-6% salary increase for all Human Resources employees, yet my increase was only 3.75% while Passiatore and Richards each received 23% salary increases.

12. In April 2001, I discussed Passiatore's and Richards' promotions with Dall. He told me Deutsche Bank's policy is that promotions are based on what an employee's future holds, not past performance or merit. I reasonably understood this to relate to the fact that my co-workers are substantially younger than I am and therefore had, in his biased view, a better future than I did. Dall also told me that my co-workers' jobs were more important than mine, although each of us had held the same title prior to their promotions and had the same responsibilities. During my discussion with Dall, I asked him whether there was any chance I would be promoted in the future. Dall said he did not know. When I asked him why I should stay with Deutsche Bank if I had no chance of advancement, he offered nothing to indicate I was incorrect in believing I had no chance of advancement.

13. Based on Dall's actions and behavior, including but not limited to his harassment, retaliation and indication that I lacked a future at the firm, I reasonably concluded that (a) I had no reasonable expectation of career advancement with Deutche Bank, and (b) I had no reasonable expectation of fair treatment from Dall. I was thus compelled to resign from Deutsche Bank, effective May 3, 2001.

14. Upon information and belief, since my resignation, my job duties have been assumed by employees who are younger than I am.

15. I believe that my age was a substantial motivating factor behind the adverse actions described here, including John Dall's verbal abuse, the firm's failure to promote me, the determination to pay me less than my younger peers, and my constructive discharge.

16. I also believe that Dall retaliated against me for reporting what I reasonably believed to be sexual harassment by my staff member.

17. Based upon the foregoing, I believe that Deutsche Bank willfully discriminated against me because of my age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, and retaliated against me for having engaged in protected activity under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. As a result of this discrimination and retaliation, I have suffered stress, anguish, humiliation, and loss of compensation, and I request an award of front and back wages and benefits, compensatory and punitive damages, liquidated damages, attorneys' fees, costs, and an order directing Deutsche Bank to cease and desist from its discriminatory practices, together with such further and additional relief as the Commission deems just and proper.

18. I provide the foregoing information in order to assert my rights under the ADEA and Title VII and to satisfy all procedural prerequisites to the commencement of a civil action in the event that this Charge is not resolved by conciliation, conference, and persuasion. Nothing in this Charge is intended to constitute a waiver of any right to seek judicial relief under state or local law with respect to the conduct complained of hereinabove.

19. I will advise the EEOC of any change in my address and telephone number, and I will cooperate fully in the proper processing of, and investigation into, this Charge. Please direct all communications and inquiries regarding this matter to Laurence S. Moy, Esq. of Liddle & Robinson, L.L.P., 685 Third Avenue, New York, New York 10017, (212) 687-8500.