# EXHIBIT C



**DELINCE LAW** PLLC
A Professional Limited Liability Corporation

J. Patrick DeLince
*Attorney at Law*

44 Wall Street, 10th Floor
New York, N.Y. 10005

Telephone:  (212) 710-9512
Facsimile:   (212) 710-9513
jpd@delincelaw.com

September 20, 2007

Hon. Richard J. Sullivan
United States District Court
500 Pearl Street, Room 615
New York, New York 10007

RE:  Esposito/Deutsche Bank AG
     07 CV 6722

Dear Justice Sullivan:

We represent the plaintiff Gina Esposito in the above-referenced action.

We are writing in response to the defendant's letter, dated September 14, 2007, requesting a conference concerning their proposed motion for partial dismissal of Gina Esposito's claims. We note, initially, that all parties might be better served by permitting discovery to ensue in order to flesh out the factually intensive details which are the bases of the defendant's motion to dismiss.

Nevertheless, Gina Esposito sets forth four causes of action in her complaint, filed on July 26, 2007, against Deutsche Bank: (1) an Age Claim under Federal (ADEA) and New York State and City statutes, (2) a Failure to Promote Claim (ADEA) under the Federal, New York State and City statutes, (3) a Hostile Work Environment Claim under Federal (ADEA & VII), New York State and City statutes, and (4) a Retaliatory Claim under Federal (Title VII), State and City statutes.

Cliff Fonstein, counsel for the defendant, seeks to dismiss all of claims with the exception of the Hostile Work Environment claim under federal law. Specifically, Mr. Fonstein seeks dismissal on two presumptions. First, he seeks dismissal on a factual assumption that all the events complained of were discrete acts of discrimination, and that they each discrete act occurred prior to April 12, 2007. Second, he makes a procedural

argument that all of Gina Esposito's claims under New York State and City statutes are time-barred because those statues are *not* tolled during the pendency of Gina Esposito's filing with the EEOC. We disagree with both assertions.

With respect to factual concerns, the complaint states at ¶¶ 81, that by April 18th 2001, Gina Esposito was noticed that her colleagues had been promoted to Vice Presidential positions, while she was left behind. The discrete act of Deutsche Bank's failure to promote Gina Esposito occurred for tolling purposes when Deutsche Bank communicated to Gina Esposito that she was not promoted. Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. page 9, (2007). Since the earliest that Gina Esposito learned such information from Deutsche Bank was April 18, 2001, her claim is timely because it was made within 300 days as required by EEOC.

We could certainly amend the complaint to flesh out those facts if deemed necessary. Specifically, we could add that on or about April 16, 2002, Gina Esposito received a speculative, gossipy email from a colleague suggesting that Joanne Passiatore might have been promoted and that by April 18th, 2001 Gina Esposito received notification from Deutsche Bank that it had promoted both Joanne Passiatore and Dan Richards. Gina Esposito did not have notice of her colleagues' promotions until they were made official on April 18, 2001. Thus, Gina Esposito's claims under the ADEA and Failure to Promote are preserved.

As to the retaliatory claim under Title VII, the retaliatory acts in question are both her non promotion (April 18th 2001) and her constructive discharge (May 3, 2001). Since the EEOC complaint was filed on February 6, 2002, those acts also occurred within the EEOC 300 day filing window. Thus, those discrete acts are also preserved for judicial review.

To the extent that the factual issue of unequal pay might be deemed time-barred under federal law, as to the bonuses discussed in ¶¶ 70 and 71, Gina Esposito is unable to state with certainty when she gained this information, but it seems that it was on about April 2001. Further probing during a deposition would be reasonable option to flesh out those facts. In any event, with regards to the unequal bonus payment claim, equity demands that this court adjudicate this claim as timely as well National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 121 (2002) It is noted those facts are still admissible as evidence of a hostile work environment. Evidence of a hostile work environment may be introduced and recovered upon so long as some act giving rise to the hostile work environment occurred within the 300 day window. Id. at 118 (2002).

With respect to the procedural issues concerning state and city statutes, it's our position that those statutes are tolled during the pendency of the administrative proceedings. Gina Esposito filed with the EEOC on February 6, 2002 and the EEOC issued a Right to Sue letter on January 29, 2007. The delay was occasioned by the EEOC undertaking a nationwide investigation of Deutsche Bank's patterns and practices concerning age discrimination. It would seem illogical and contrary to principals of judicial economy and the every purpose for which that the statutes were enacted to

remedy if a claimant was stripped of the protections of the state and city laws while there is a pending agency investigation.

§ 8-502 (d) of the City laws provide upon the filing of a complaint with the city commission on human rights <u>or</u> the state division of human rights the statute of limitation is tolled, as follows:

> d. A civil action commenced under this section must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence as set forth in chapter six of this title occurred. Upon the filing of a complaint with the <u>city commission on human rights or the state division of human rights</u> and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three year limitations period shall be <u>tolled</u>.

Further the EEOC has entered in *worksharing agreements* with various state agencies including the New York State Division of Human Rights. Those agreements provide for dual filing as if the EEOC had filed with the state agency as well. Thus, for proposes of 8-502(d) Gina Esposito's filing with the EEOC on February 6, 2002 tolled the statute of limitation on her state and city claims, since her claim as automatically filed with the New York State Division of Human Rights. See, <u>Lee v. Overseas Shipholding Group, Inc.</u>, 2001 WL 849747, at *8 (S.D.N.Y. July 30, 2001) (NYSHRL and NYCHRL are each governed by a three year statute of limitations. The statute of limitations is tolled during the period in which a complaint is filed with the New York State Division of Human Rights or with the EEOC (citations omitted); <u>Leavy v. New York City Transit Auth.</u>, 814 N.Y.S.2d 891 (Sup. 2006) and <u>Martinez-Tolentino v. Buffalo State College</u>, 715 N.Y.S. 554 A.D.2d 899 (4th Dep't 2000).

We look forward to discussing the issues further with you at a conference, should you find it necessary. Thank you for your consideration in this matter.

Respectfully submitted,

J. Patrick DeLince

c.c. Joanne Seltzer Esq.
    Cliff Fonstein Esq.
    Sidley Austin LLP

3