LEXSEE 1995 US DIST LEXIS 15200


Cited
As of: Oct 11, 2007

**LYNN MAYO, Plaintiff, -against- SECURITIES INDUSTRY ASSOCIATION, Defendant.**

95 Civ. 4350 (CSH)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1995 U.S. Dist. LEXIS 15200*

October 17, 1995, Decided
October 17, 1995, FILED

**COUNSEL:** [*1] For LYNN MAYO, plaintiff: Robert J. Miller, Blutrich, Herman & Miller, LLP, New York, NY.

For SECURITIES INDUSTRY ASSOCIATION, defendant: Francis Carling, Winthrop, Stimson, Putnam & Roberts, New York, NY.

**JUDGES:** CHARLES S. HAIGHT, JR., U.S.S.D.J.

**OPINION BY:** CHARLES S. HAIGHT, JR.

**OPINION**

OPINION

HAIGHT, Senior District Judge:

Plaintiff Lynn Mayo brought this action against defendant, Securities Industry Association ("SIA"), alleging sexual harassment and sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e et seq.* ("Title VII"). Plaintiff alleges that she was repeatedly harassed over a thirteen-month period by her direct supervisor at SIA. According to plaintiff, her numerous complaints to management went unanswered and ultimately culminated in her discharge on December 6, 1993.

Defendant now moves to dismiss the complaint pursuant to *Fed. R. Civ. P. 12(b)(1)* and *(6)* or alternatively, for summary judgment pursuant to *Fed. R. Civ. P. 56*. The sole issue before this court is whether plaintiff filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") in accordance with the filing requirements of Title VII, thereby preserving her right to later bring a Title VII action in federal court. For the reasons stated below, this court concludes that plaintiff's charge was timely filed.

I.

As a general rule, section 706(e) of [*2] Title VII requires that a claimant file a charge with the EEOC within 180 days of the alleged discrimination in order to preserve later access to federal court. *42 U.S.C. § 2000e-5(e)*. However, if a claimant initially institutes proceedings with a state or local agency that has the authority to grant or seek relief from the alleged discriminatory practice, the limitations period for the EEOC filing is extended to 300 days. Id.[1] In order to give states the first opportunity to remedy discrimination and promote efficiency in processing claims, section 706(c) of Title VII provides that a claimant may not file with the

Case 1:07-cv-06722-RJS    Document 14-10    Filed 10/12/2007    Page 2 of 5

Page 2
1995 U.S. Dist. LEXIS 15200, *2

EEOC earlier than 60 days after the initial filing with the state agency, unless that agency's proceedings have been "earlier terminated". *42 U.S.C. § 2000e-5(c)*; [2] See *EEOC v. Commercial Office Products, 486 U.S. 107, 117 - 18, 100 L. Ed. 2d 96, 108 S. Ct. 1666 (1988)* (identifying the twin goals of the deferral provisions -- to promote "time economy and the expeditious handling of cases" and to "provide States with an opportunity to forestall federal intervention."). Thus, should the EEOC receive a complaint prior to the expiration of the 60-day deferral period, [*3] it must hold that complaint in "'suspended animation'" until the deferral period comes to an end or the state agency's proceedings have been terminated. *Love v. Pullman Co., 404 U.S. 522, 526, 30 L. Ed. 2d 679, 92 S. Ct. 616 (1972)*.

1   Section 706(e) of Title VII provides, in pertinent part:

> A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed [with the EEOC] by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred. . . .

2   The relevant portions of Section 706(c) read as follows:

> In the case of an alleged unlawful employment practice occurring in a State which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under State or local law, unless such proceedings have been earlier terminated. . . .

[*4] Considered together, the 300-day filing deadline and the 60-day deferral period require that a claimant file with the appropriate state agency within 240 days of the alleged discrimination in order to ensure a timely filing with the EEOC and guarantee future access to federal court. See *Mohasco Corp. v. Silver, 447 U.S. 807, 814 n. 16, 65 L. Ed. 2d 532, 100 S. Ct. 2486 (1980)*. Should the claimant fail in this regard, the charge can still be timely filed with the EEOC if the state agency terminates its proceedings before 300 days have passed. See id.

Since principles of comity and efficiency underlie the 60-day period of exclusive state agency jurisdiction, state agencies have been permitted to waive it. See *Commercial Office Products, 486 U.S. at 112 - 14*. Provision for such waiver is often found in written "worksharing" agreements between the EEOC and state agencies that are designed to promote efficient enforcement of Title VII. See *Worthington v. Union Pacific R.R., 948 F.2d 477, 480 (8th Cir. 1991)*. Any waiver of the 60-day deferral period granted pursuant to a workshare agreement "terminates" the state agency's proceedings for purposes of Section 706(c), thereby [*5] allowing the EEOC to proceed in processing the charge. See *Commercial Office Products, 486 U.S. at 125*.

II.

In the present case, plaintiff initiated proceedings with the New York State Division of Human Rights ("NYSDHR") -- the state agency responsible for processing employment discrimination claims -- on September 30, 1994, 298 days after her alleged discriminatory discharge on December 6, 1993. Plaintiff requested that her complaint be forwarded to the EEOC

Case 1:07-cv-06722-RJS   Document 14-10   Filed 10/12/2007   Page 3 of 5

Page 3
1995 U.S. Dist. LEXIS 15200, *5

for dual filing purposes, pursuant to a worksharing agreement between the NYSDHR and the EEOC. Although there is no evidence in the record as to when the EEOC actually received the complaint, the date of constructive receipt can be gleaned from the terms of the worksharing agreement. Under section II.d. of this agreement, NYSDHR is the authorized agent of the EEOC and is entitled to receive and process charges on behalf of the EEOC. [3] Plaintiff clearly invoked the NYSDHR's agency powers when she requested that her complaint be dual filed with EEOC. Thus, her charge was submitted to both the EEOC and the NYSDHR simultaneously, two days before the expiration of the 300-day filing period.

> 3   Section II.d. of the worksharing agreement provides, in pertinent part:
>
>> EEOC by this agreement designates the NYSDHR to accept charges on behalf of the EEOC which meet the jurisdictional requirements of Title VII, ADEA, EPA, and ADA. Such charges and/or any related amendments to such charges will be forwarded with all supporting documents received to the EEOC's New York District Office. . . . Charges filed with the NYSDHR and forwarded for filing with the EEOC will be referred to as dual filings. . . . The effective date of filing a dual filed charge will be the date a charge is initially received by the NYSDHR.

[*6] Although the EEOC constructively *received* the complaint on day 298, defendant argues that the 60-day deferral period worked to keep it in 'suspended animation', such that a formal *filing* with the EEOC could not take place until well after the 300-day period had expired. See Memorandum of Law in Support of Defendant's Motion to Dismiss, p. 5. Cf. *Worthington v. Union Pacific R.R.*, 948 F.2d 477, 480 (8th Cir. 1991) (noting the distinction between "receipt" and "filing" of the complaint). Plaintiff responds by identifying a provision in the workshare agreement in which the NYSDHR waives its 60-day period of exclusive jurisdiction over all Title VII charges received between 241 and 300 days after the alleged discrimination. See Memorandum of Law in Opposition to Defendant's Motion to Dismiss, p. 6. This provision provides:

> In order to avoid delay as to all charges other than those enumerated in Section III(g), NYSDHR *hereby waives its exclusive right to process those charges for 60 days*, as provided in Section 706(c) of Title VII in the Civil Rights Act of 1964, as amended, so that the EEOC can take immediate action on such charges and effectively implement [*7] this Worksharing Agreement. Worksharing Agreement, section III(h) (emphasis supplied).

According to plaintiff, this waiver provision is self-executing, so that the 60-day deferral period was automatically waived and the state proceedings automatically terminated simply upon the NYSDHR's receipt of the complaint. See Memorandum of Law in Opposition to Defendant's Motion to Dismiss, p. 9. Indeed, such a termination would enable plaintiff's charge to be timely filed on day 298, the day it was received by the EEOC. The precise issue before this court, then, is whether in fact the waiver provision in the workshare agreement is self-executing. In deciding that it is, this court follows the lead of six circuits and adheres to the plain language of the workshare agreement.

That a state agency's waiver of the 60-day deferral period constitutes a "termination" for purposes of § 706(c) is well-settled law. The Supreme Court decided as much in EEOC v. Commercial Office Products, noting that any other result would create needless delay and possibly bar viable claims. See *486 U.S. at 118 - 120, 125*. Unfortunately, neither Commercial Office Products nor any Second Circuit [*8] decision directly addresses whether waivers of the sort contained in the workshare agreement between the EEOC and the NYSDHR are self-executing. However, other circuits have consistently held that similar waiver provisions are effective without further action by the state agency. See *Worthington, 948 F.2d at 482.*; *Sofferin v. American Airlines, Inc., 923 F.2d 552, 556 (7th Cir. 1991)*; *Trevino-Barton v. Pittsburgh Nat'l Bank, 919 F.2d 874, 879 (3rd. Cir. 1990)*; *EEOC v. Techalloy Md., Inc., 894 F.2d 676, 678 (4th Cir. 1990)*; *Griffin v. Air Prods. & Chems., Inc., 883 F.2d 940, 943 (11th Cir. 1989)*; *Green v. Los Angeles*

*County Superintendent of Schools, 883 F.2d 1472, 1479 (9th Cir. 1989).*

Of the cases cited, Worthington provides the most useful analogy to the present case. In Worthington, plaintiff filed a complaint with the Nebraska Equal Opportunity Commission ("NEOC") 299 days after the alleged act of discrimination. See *948 F.2d at 478*. Six days later and five days after the expiration of the 300-day period, the NEOC forwarded the complaint to the EEOC for immediate processing pursuant to a worksharing agreement between the two agencies. See [*9] id.

The Eighth Circuit found as a preliminary matter that the NEOC was the authorized agent of the EEOC under a worksharing agreement between the two agencies, so that the complaint was constructively received by the EEOC on day 299. See *id. at 480*. The court then held that the plaintiff's filing with the EEOC occurred simultaneously with the EEOC's receipt of the charge. See *id. at 482*. In so holding, the court relied on a waiver provision in the worksharing agreement that is identical in all relevant respects to the one before this court. The Eighth Circuit found that this sweeping "hereby waives" clause was by its very terms self-executing and added that, "nothing in Title VII, the federal regulations, or the worksharing agreement between the EEOC and the NEOC requires the state to confirm its waiver as each new case arises." Id. To hold otherwise and require an additional individualized waiver "would simply impose another procedural hurdle and could have the effect of rendering untimely a charge filed within the 300-day limit." Id. Thus, since the waiver was construed as self-executing, the charge was deemed filed on the day it was received by both the NEOC and [*10] the EEOC -- day 299.

As noted above, five other circuits have agreed that a "hereby waives" provision in a worksharing agreement constitutes a self-executing waiver. Nevertheless, defendant resists a similar conclusion in this case by focusing on a provision in the workshare agreement that prescribes the procedure for NYSDHR waivers. In particular, defendant highlights the following language:

> The NYSDHR *will grant* advance waivers of their 60 day exclusive jurisdiction *over all* Title VII charges including dual filed charges received between 241 and 300 days after the date of alleged discrimination. All such dual filed charges shall be referred by NYSDHR to EEOC for initial processing within one week of receipt by NYSDHR. Worksharing Agreement, Section III. f. 6 (emphasis supplied).

According to defendant, the language "will grant" is forward-looking and reflects an intention to waive the deferral period on a case-by-case basis. However, defendant neglects to read on and account for the words "over all Title VII charges". These words unambiguously retract all NYSDHR discretion over waivers in the enumerated cases, rendering any further perfection of the waiver [*11] in section III.h. wholly unnecessary. Indeed, to require one would be to "exalt form over substance and preclude relief to a potentially meritorious claim simply because it was the victim of a bureaucratic mixup." *Techalloy, 894 F.2d at 679*. In addition, requiring such additional paperwork would undermine a central purpose of the waiver provision -- to enable the EEOC "to take immediate action" on Title VII charges filed within the 241 to 300-day time span. [4]

> 4 In addition to the argument above, defendant also contends that the NYSDHR did not exhibit an intent to waive the period of exclusive jurisdiction until well after the 300-day time limit had expired. Defendant first points to an information request sent by the NYSDHR to SIA on October 18, 1994, inferring from this request that the NYSDHR still had exclusive jurisdiction over plaintiff's claim on this date, 316 days after the alleged discrimination. Defendant goes on to say that the NYSDHR did not formally waive its period of exclusive jurisdiction until January 6, 1995 -- the 396th day -- when it sent a letter to plaintiff notifying her that her charge had been forwarded to the EEOC.
>
> Defendant's argument is misdirected. It focuses on the NYSDHR's intent to waive the 60-day deferral period in this particular case when in fact what is at issue is whether the NYSDHR intended to grant a blanket, self-executing waiver in all such cases. Since this court finds that such a blanket waiver was granted in the workshare agreement, the NYSDHR's intent in this particular case is largely irrelevant.

Case 1:07-cv-06722-RJS   Document 14-10   Filed 10/12/2007   Page 5 of 5

Page 5
1995 U.S. Dist. LEXIS 15200, *11

In any event, the correspondences sent by the NYSDHR are not entirely inconsistent with the self-executing waiver in the workshare agreement. The letter sent to plaintiff on January 6, 1995 simply notifies her that her claim had previously been dual filed with the EEOC, without intimating when this dual filing took place. The single information request sent to defendant on October 18, 1994 was probably the result of an administrative glitch rather than a backhanded attempt by the NYSDHR to retain jurisdiction in this case.

[*12] III.

For the foregoing reasons, the Court concludes that the waiver in the worksharing agreement between the NYSDHR and the EEOC is self-executing. Accordingly, the state proceedings "terminated" the moment Mayo's charge was filed with the NYSDHR. See *Griffin, 883 F.2d at 943*. Under section 706(c) of Title VII, this termination allowed the EEOC to proceed immediately with filing upon receipt of the charge. See *Worthington, 948 F.2d at 482*. Because the EEOC constructively received Mayo's complaint the day it was filed with the NYSDHR, this charge was timely filed with the EEOC on that very same day, 298 days after the alleged act of discrimination. Accordingly, defendant's motion to dismiss is denied.

SO ORDERED.

Dated: New York, New York

October 17, 1995

CHARLES S. HAIGHT, JR.

U.S.S.D.J.