*799 So. 2d 252, \*; 2001 Fla. App. LEXIS 11128, \*\*;*
*26 Fla. L. Weekly D 1918*

WELLS FARGO GUARD SERVICES INC. OF FLORIDA, Appellant, vs. DANIEL LEHMAN, Appellee.

CASE NO. 3D99-2539

COURT OF APPEAL OF FLORIDA, THIRD DISTRICT

799 So. 2d 252; 2001 Fla. App. LEXIS 11128; 26 Fla. L. Weekly D 1918

August 8, 2001, Opinion Filed

**SUBSEQUENT HISTORY:** [\*\*1] Released for Publication November 21, 2001.

**PRIOR HISTORY:** An Appeal from the Circuit Court for Miami-Dade County, Fredricka G. Smith, Judge. LOWER TRIBUNAL NO. 96-4850.

This Opinion Substituted on Denial of Certification and Grant of Rehearing for Withdrawn Opinion of September 27, 2000, Previously Reported at: 2000 Fla. App. LEXIS 12357.

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellee former employee sued appellant former employer in the Circuit Court for Miami-Dade County (Florida), for disability-based discrimination under the Florida Civil Rights Act, Fla. Stat. ch. 760.01-760.11 (1995). The trial court denied the employer's motion to dismiss the complaint and motion for directed verdict. At trial, the jury awarded a verdict for the employee. The employer appealed.

**OVERVIEW:** The employee submitted a form to the U.S. Equal Employment Opportunity Commission (EEOC). The EEOC operated under a work-sharing agreement with the Florida Commission on Human Relations (FCHR) which provided for dual filing of discrimination claims and that each agency was to act as the agent for the other. The employee did not mark a box on his claim form specifying dual filing. His attorneys notified the EEOC that they wanted dual filing. The employee filed suit 180 days after the EEOC filing but less than 180 days after the FCHR received a copy of the claim. The employer claimed the lawsuit was premature because administrative remedies had not been exhausted under Fla. Stat. ch. 760.11 (1995), and the evidence was insufficient to support the verdict. On appeal, the court found that since the claim was dually filed with the agencies, the date of filing with the EEOC was the date of filing with the FCHR. Thus, the complaint was not brought prematurely. Further, the evidence supported the jury's finding that the employer perceived the employee to have a disability which impaired his ability to work.

**OUTCOME:** Judgment was affirmed.

**CORE TERMS:** disability, work-sharing, termination, dually, dual, directed verdict, disabled, impaired, discrimination claim, date of filing, properly denied, physical disability, premature, wished, certification, facsimile

**LEXISNEXIS(R) HEADNOTES**
Administrative Law > Judicial Review > Standards of Review > Statutory Interpretation
Governments > Legislation > Interpretation
HN1⬇ Courts generally defer to an agency's interpretation of the statutes it is charged with administering.

Banking Law > Consumer Protection > Fair Credit Reporting > General Overview
Labor & Employment Law > Discrimination > Disability Discrimination > General Overview
HN2⬇ Under the Florida Civil Rights Act, Fla. Stat. ch. 760.01 760.11 (1995), persons are regarded as disabled not only if they have a physical disability, but also if their employers regard them as unable to perform their job due to a perceived impairment. Fla. Stat. ch. 760.10 (1999).

Civil Procedure > Trials > Judgment as Matter of Law > General Overview
HN3⬇ A jury's verdict should not be overturned unless there is a complete absence of evidence to support its findings.


**COUNSEL:** Akerman, Senterfitt & Eidson, and Nancy A. Copperthwaite; and Lewis, Fisher, Henderson & Claxton, and Frederick J. Lewis, for appellant.

Hogg, Ryce & Hudson, and Jesse Hogg, for appellee.

**JUDGES:** Before GERSTEN, and RAMIREZ, JJ., and NESBITT, Senior Judge.

**OPINION BY:** RAMIREZ

**OPINION**

[*253] ON MOTIONS FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION

RAMIREZ, J.

We deny Daniel Lehman's motion for certification but grant his motion for rehearing and withdraw the opinion issued on September 27, 2000, substituting the following in its place. Defendant, Wells Fargo Guard Services, Inc. of Florida, appeals a final judgment in a disability discrimination case. Because the plaintiff, Lehman, filed his complaint in a timely manner, and there was sufficient evidence for [**2] the jury to conclude that Wells Fargo perceived Lehman as disabled, we affirm.

Lehman was employed as branch manager of Wells Fargo's Miami office from 1989 to 1995, when his employment was terminated allegedly for Lehman's failure to satisfy client retention goals set for his branch. Lehman, however, contended that his termination was really based on Wells Fargo's illegal discrimination against him due to his "disability" of cardiomyopathy. Following certain administrative steps, Lehman sued Wells Fargo for disability-based discrimination under the Florida Civil Rights Act (FCRA), sections 760.01-.11, Florida Statutes (1995). Wells Fargo filed a motion to dismiss the FCRA complaint, alleging that Lehman's complaint was premature because he failed to exhaust his administrative remedies.

The evidence relevant to the motion to dismiss established that after his termination in July 1995, Lehman filed an employment discrimination claim with the United States Equal Employment Opportunity Commission (EEOC) on September 6, 1995, alleging disability discrimination against Wells Fargo. The evidence further showed that the EEOC and the

Florida Commission on Human Relations (FCHR), the state **[\*\*3]** entity with authority to investigate discrimination claims under the FCRA, operate under a work-sharing agreement which provides for dual filing of discrimination claims. The form Lehman submitted to the EEOC, however, did not specifically request dual-filing with the FCHR as the box which provided for such a request was left blank. In an attempt to correct this omission, Lehman's attorney wrote to the EEOC the next day and requested that the claim be dual filed with the FCHR. In fact, Lehman's counsel received a facsimile from the EEOC stating that "this should suffice for establishing that Daniel Lehman's charge was dual filed [with] the FCHR the same day it was filed [with] the EEOC." Despite the statement made in the facsimile, the FCHR did not receive a copy of Lehman's complaint from the EEOC until September 25, 1995. Lehman filed his FCRA complaint after receiving a "right to sue" notice from the EEOC dated February 23, 1996, approximately 180 days from the September 6th filing, but less than 180 days from the September 25th receipt of the claim by the FCHR.

Wells Fargo argues that pursuant to Sweeney v. Florida Power and Light Co., 725 So. 2d 380 (Fla. 3d DCA 1998), **[\*\*4]** Lehman's **[\*254]** complaint was premature and should be dismissed. In Sweeney, the plaintiff filed her complaint more than 180 days after filing a claim with the EEOC, but less than 180 days after receipt of the claim by the FCHR. This Court affirmed dismissal, holding that the 180 days required by section 760.11, Florida Statutes (1995), began to run when the FCHR received a copy of the claim, not when the claim was filed with the EEOC. However, in Sweeney, the FCHR received a copy of the claim pursuant to a work-sharing agreement, not at the plaintiff's request, and there was no indication that the plaintiff wished to dually file his claim with the FCHR. Additionally, the Sweeney court did not have the benefit of the actual text of the work-sharing agreement, nor of explanatory affidavits, as we do here.

The work-sharing agreement states that "the EEOC and the [FCHR] each designate the other as its agent for the purpose of receiving and drafting charges." This language indicates that when the EEOC receives a complaint, it is deemed to be filed at that time, and not on the later date when a copy is received by the FCHR. This conclusion is further supported **[\*\*5]** by the affidavit of Joseph A. Cash, Case Assessment Unit Coordinator for the Florida Commission on Human Relations. Cash states:

> The FCHR considers the EEOC as an agent for purposes of a charge entering the [FCHR's] charge processing system. Therefore, the FCHR considers the date a charge was received by the EEOC as the date the charge was dual filed with the FCHR, even though the FCHR may not get the actual (hard copy) charge from the EEOC until a later date.

Because **HN1** courts generally defer to an agency's interpretation of the statutes it is charged with administering, [1] we now hold that when a charge is dually filed with the EEOC and the FCHR, the date of filing with the EEOC shall also be considered the date of filing with the FCHR. See Dawkins v. Bellsouth Telecomms., Inc., 53 F. Supp. 2d 1356, 1360 (M.D. Fla. 1999) (because plaintiff indicated to the EEOC that she wished her complaint to be dually filed with the FCHR, plaintiff will be deemed to have filed with the FCHR on the same date as filing with the EEOC). Thus, as Lehman's charge was dually filed with both agencies, and his complaint was filed 180 days after filing a charge with the EEOC, Lehman's **[\*\*6]** complaint was not brought prematurely and the trial court properly denied Wells Fargo's motion to dismiss.

## FOOTNOTES

1 See Beach v. Great Western Bank, 692 So. 2d 146, 149 (Fla. 1997) ("an agency's

interpretation of its own regulations has traditionally been accorded considerable respect"). See also Humana, Inc. v. Dep't. of Health and Rehab. Serv., 492 So. 2d 388, 392 (Fla. 4th DCA 1986) ("the agency's interpretation of its own rule is entitled to great weight and persuasive force in the appellate court").

Wells Fargo also appeals the denial of its motion for directed verdict, contending that the evidence was insufficient to uphold a finding that Lehman was disabled at the time of his termination or that his termination was based solely on his disability. We disagree.

HN2 Under the FCRA, persons are regarded as disabled not only if they have a physical disability, but also if their employers regard them as unable to perform their job due to a perceived impairment. See § 760.10, [**7] Fla. Stat. (1999). See also Davidson v. Iona-McGregor Fire Dist., 674 So. 2d 858, 860 (Fla. 2d DCA 1996) ("the definition of a handicapped individual includes not only those who are actually physically impaired, but also those who are regarded by others [*255] as impaired"). Here, there is evidence that supports a jury finding that Wells Fargo perceived Lehman to have a disability which impaired his ability to work. The jury answered affirmatively the following question:

> Do you find that Mr. Lehman has proved by the greater weight of the evidence that he had a physical disability that substantially limited one or more of his major life activities *or* that he was regarded by Wells Fargo as having such a disability?

Wells Fargo also made repeated inquiries into Lehman's health, expressed concerns about Lehman's ability to handle job-related stress, and requested that Lehman take sick leave or resign.

Furthermore, HN3 a jury's verdict should not be overturned unless there is a complete absence of evidence to support its findings. See Blake v. Hi-Lu Corp., 781 So. 2d 1122, 1123 (Fla. 3d DCA 2001) ("When determining the propriety of granting a directed [**8] verdict, an appellate court must determine whether the facts, when viewed in the light most favorable to the non-moving party, provided a prima facie case in support of its cause(s) of action."). See also Nunez v. Lee County, 777 So. 2d 1016 (Fla. 2d DCA 2000) ("A trial court may direct a verdict only when the evidence and reasonable inferences therefrom fail to prove the plaintiff's case.") Thus, the trial court properly denied Wells Fargo's motion for directed verdict.

We find no merit in Wells Fargo's arguments regarding the trial court's evidentiary rulings and failure to grant a mistrial, as the trial court acted within its discretion.

Affirmed.

---

Service: **Get by LEXSEE®**
Citation: **799 So. 2d 252**
View: Full
Date/Time: Friday, November 2, 2007 - 4:44 PM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ■ - Questioned: Validity questioned by citing refs
- ▲ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available