Cliff Fonstein (CF-8603)
Joanne Seltzer (JS-2686)
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendants
Deutsche Bank AG, New York Branch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GINA ESPOSITO,

                                                                                                         07 Civ. 6722 (RJS)(AJP)
                Plaintiff,

         - against -

DEUTSCHE BANK AG

                Defendant.

------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

SIDLEY AUSTIN LLP

ATTORNEYS FOR Defendant
DEUTSCHE BANK AG, NEW YORK BRANCH

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................2

    I.    THE STATE AND CITY LIMITATIONS PERIODS SHOULD NOT BE TOLLED..............................................................................................................2

    II.    THE PROMOTION AND PAY CLAIMS SHOULD BE DISMISSED ................6

    III.    ESPOSITO'S REQUEST TO AMEND HER COMPLAINT SHOULD BE DENIED ................................................................................................................7

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

In re Alacatel Securities Litigation,
    382 F. Supp. 2d 513 (S.D.N.Y. 2005) ........................................................................... 8

Aukstolis v. AHEPA 58/Nathan Hale Senior Ctr.,
    No. 3:07-Civ.-51, 2007 U.S. Dist. LEXIS 32984 (D. Ct. May 3, 2007) ....................... 4

Avent v. Solfaro,
    No. 02 Civ. 0914, 2003 WL 21361730 (S.D.N.Y. June 12, 2003) ............................... 7

Berkoski v. Ashland Regional Medical Ctr.,
    951 F. Supp. 544 (M.D. Pa. 1997) ................................................................................ 4

Economou v. Caldera,
    No. 99 Civ. 12117, 2000 WL 1844773 (S.D.N.Y. Dec. 28, 2000) ............................... 5

Kearney v. ABN Amro Inc.,
    No. 04 CV 06885, 2006 U.S. Dist. LEXIS 56705 (S.D.N.Y. Aug. 10, 2006) .............. 5

Kelley v. Camolaur, Inc.,
    No. 89-0844-C 1990 U.S. Dist. LEXIS 8797 (W.D. Mo. July 11, 1990) .................... 4

Lee v. Overseas Shipholding Group, Inc.,
    No. 00 Civ. 9682, 2001 U.S. Dist. LEXIS 10622 (July 30, 2001) ............................... 4

Long v. Frank,
    22 F.3d 54 (S.D.N.Y. 1994) .......................................................................................... 5

Lynk v. Henderson,
    No. 98 Civ. 2086, 2000 WL 178859 (S.D.N.Y. Feb. 15, 2000) ................................... 5

Martinez-Tolentino v. Buffalo State College,
    277 A.D.2d 899 (N.Y. App. Div. 2000) ........................................................................ 4

Solon v. Kaplan,
    No. 00 Civ 2888, 2001 U.S. Dist. LEXIS 1384 (N.D. Ill. Feb. 9, 2001) ...................... 4

Sunshine v. Long Island University,
    826 F. Supp. 26 (E.D.N.Y. 1994) ................................................................................. 4

Vine v. Beneficial Finance Co.,
    374 F.2d 627 (2d Cir. 1967) ......................................................................................... 7

## STATUTES

N.Y. Exec. Law § 297(2) ................................................................................................. 3, 5

N.Y.C. Admin. Code § 8-502 ............................................................................................. 2

Restoration Act, N.Y.C. Local Law No. 85 ....................................................................... 2

## PRELIMINARY STATEMENT

In its Opening Brief, Deutsche Bank AG, New York branch ("DB") demonstrated that much of Gina Esposito's Complaint is time-barred because the acts she alleges occurred before the 300-day charge filing period under the Age Discrimination in Employment Act ("ADEA") and Title VII and before the three-year complaint filing period under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Specifically, the following claims are time barred: (1) all Esposito's state and city claims; and (2) her ADEA and Title VII claims regarding her 2000 bonus, her 2001 salary, and her failure to be promoted.

In her Opposition, Esposito tries to save her state and city claims by arguing that she intended to file her charge with the New York State Division of Human Rights (the "State Division") and the New York City Commission of Human Rights (the "City Commission") when she filed it with the EEOC and that she "assumed" that such filing had been effected. This argument is fruitless. The undisputed statutes, regulations, Workshare Agreement ("WSA") and case law all specify that a proceeding is not begun under the state and city law until the charge is filed with the appropriate agency. The EEOC clearly did not do so in Esposito's case, and Esposito took absolutely no action, in the five years during which her charge sat with the EEOC, to ensure that such filing was effected. As such, Esposito is left only with an argument of equitable tolling – a remedy that is not available to her under prevailing law because she was represented by counsel at the time of the administrative filing.

Esposito's claims of discriminatory and retaliatory pay and promotion fare no better. Despite Esposito's attempt to obfuscate the issue, the law is indisputably clear that the limitations period under Title VII and the ADEA begin to run when *she* was informed of the pay and promotion decisions affecting *her*, not those affecting her co-workers. Her Complaint

clearly indicates that Esposito was well aware of the fact that she was not going to be promoted and of her salary and bonus well before the April 14, 2001 – the last date on which her Title VII and ADEA could be considered timely.

## ARGUMENT

**I.    THE STATE AND CITY LIMITATIONS PERIODS SHOULD NOT BE TOLLED**

In its Opening Brief, DB showed that Esposito cannot argue that the three-year limitations periods were tolled in the absence of any evidence that her charge was filed with the State Division or the City Commission – a prerequisite for initiating proceedings under the statutes. In response, Esposito now claims that she is eligible for such tolling in light of "controlling" statutes (which she doesn't cite), "authoritative" New York case law (which is either misguided or not controlling) and for reasons of "judicial economy of resources" (which remains unexplained). (Opp. Br., p. 7.)

The only statute Esposito points to in support of her tolling argument is Section 8-502(d) of the NYCHRL. (Opp. Br., p. 8.) This section, however, clearly states that the three-year statute of limitations under the city law is tolled *"[u]pon the filing of a complaint with the city commission on human rights or the state division of human rights and during the pendency of such complaint."* Accordingly, this statute supports DB's position that tolling can occur only when a complaint is actually filed with the State Division or the City Commission.[1]

In addition, Esposito quotes, without any analysis, the WSA's provision that "[c]harges that are timely received in the [State Division], whether in person or by mail, and jurisdictional with the EEOC will be automatically dual filed with the EEOC and vice versa." (Opp. Br., p. 9.)

---

[1] Esposito also cites the Restoration Act, N.Y.C. Local Law No. 85 of 2005 and cases interpreting it which have stated that the NYCHRL should be construed liberally. However, the Restoration Act did not amend the requirement that, to toll the statute of limitations, a complaint must be filed with either the state or city agency. N.Y.C. Admin. Code § 8-502. Esposito's lengthy analysis of the Restoration Act is, therefore, irrelevant.

2

As DB has explained, the purpose of this provision is, through the fiction of dual filing, to allow a party to satisfy the provisions of 706(c) and (e) that a Title VII charge cannot be filed with the EEOC until 60 days after the proceeding has been commenced under state or local law. Thus, for purposes of 706(c) and (e), a charge filed with the EEOC is considered to have been filed with the state or local agency so as to satisfy the filing requirements of Section 706(c) and (e). This dual filing fiction, however, does not affect the substantive filing requirements under state or local law. It does not, for example, amend Section 8-502(b) of the NYCHRL. (Opening Br., pp. 12-15 and cases cited therein.) The language of the WSA, in fact, confirms the EEOC's recognition of the separate jurisdiction of and proceedings under the NYSHRL by expressly providing that the WSA "does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge." WSA § II(A). Moreover, the WSA addresses a charging party's separate filing with the State Division by instructing each agency to inform individuals of their right to file charges with the other agency and to assist the individuals in drafting a charge so as to satisfy the requirements of both agencies. WSA § II(C). [2] In short, because Esposito (or her lawyer) never ensured that her charge was received by the State Division, no proceeding was ever initiated and her tolling claim must be rejected.[3]

---

[2] Significantly, Esposito does not dispute the limited purpose of the WSA's dual filing provision. (Opp. Br., p. 9 n.3). Instead, she argues "nothing prohibits" a broader interpretation that, for "comity and efficiency," allows the WSA to supersede specific state and local filing rules. Id. However, there is nothing in the WSA that allows such broad interpretation and, in fact, the language of the WSA expressly affirms that the WSA "does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge." WSA § II(A). A copy of the WSA is attached to the Affirmation of Joanne Seltzer in support of the Opening Brief as Exhibit D.

[3] In support of her tolling argument, Esposito submits an affidavit purportedly from Joseph Alvarado, State and Local Program Manager of the District Office of the EEOC. (DeLince Aff., Exh. B.) The affidavit make no statement that Esposito's charge was actually sent to the State Division, through an "Integrated Mission System," or by any other means. If it had been, DB would have, under the State Division regulations, received notice of the charge and would have had an opportunity to respond to it. See N.Y. Exec. Law § 297(2). Not only is the Mr. Alvarado's affidavit silent on this key issue, but, astonishingly, the affidavit is sworn to by an individual named Holly Woodyard. This unsigned and unverified affidavit should, at the very least, be discounted by this Court.

Rather than analyzing the case law DB cited, Esposito relies on cases that, without any elaboration whatsoever, cite Martinez-Tolentino v. Buffalo State Coll., 277 A.D. 2d 899 (N.Y. App. Div. 2000), for the proposition that a filing with the EEOC constitutes filing with the NYSHRL.[4] Martinez-Tolentino, however, made no attempt to analyze the statutory and policy issues pivotal to the tolling issue. Rather, it based its holding on CPLR 204(a) which sets forth a general tolling rule that a matter is tolled "where commencement of an action has been stayed by a court or by statutory prohibition." However, there were no statutory prohibitions or court stays in either Tolentino or this matter which would have precluded the filing of a state charge. Moreover, this general tolling provision does nothing to address the specific requirements under the NYSHRL that allow tolling only when a charge is filed with the State Division. Martinez-Tolentino's secondary support is Sunshine v. Long Island Univ., 826 F. Supp. 26 (E.D.N.Y. 1994), in which there is no discussion of tolling at all, and where the timeliness of state claims is determined under the continuing violation doctrine. All of the cases cited by Esposito in support of her position directly rely on Martinez-Tolentino's shaky holding.[5] Accordingly, the case law relying on Martinez-Tolentino cited by Esposito should be rejected, and the Court should follow

---

[4] Contrary to Esposito's assertion, Lee v. Overseas Shipholding Group, Inc., No. 00 Civ. 9682, 2001 U.S. Dist. LEXIS 10622 (S.D.N.Y. July 30, 2001) is distinguishable because the plaintiff filed a complaint with both the EEOC and the City Commission, which Esposito plainly did not do. Id. at *15.

[5] Esposito argues that Solon v. Kaplan, No. 00 Civ 2888, 2001 U.S. Dist. LEXIS 1384 (N.D. Ill. Feb. 9, 2001) should be discounted because the Illinois Human Rights Law gives the Illinois Human Rights Commission exclusive jurisdiction over requests for relief under the act. (Opp. Br., pp. 12-13.) This is a distinction without a difference. The relevance of the case to this matter is that the plaintiff in Solon, like Esposito, asserted that he exhausted his state filing requirement by simply filing a charge with the EEOC -- a contention the court dismissed. In addition, most of the out-of-circuit cases cited by Esposito in footnote 4 of the Opposition Brief support DB's contention that the dual filing provision in WSA agreements is for the limited purpose of meeting Title VII's Section 706 requirements. See Kelley v. Camolaur, Inc., No. 89-0844-Civ-W-9, 1990 U.S. Dist. LEXIS 8797, at *9 (W.D. Mo. July 11, 1990); Berkoski v. Ashland Reg'l Med. Ctr., 951 F. Supp. 544, 547 (M.D. Pa. 1997). In fact, in Aukstolis v. AHEPA 58/Nathan Hale Senior Ctr., No. 3:07-Civ.-51, 2007 U.S. Dist. LEXIS 32984 (D. Ct. May 3, 2007), the court rejected the plaintiff's argument that filing a charge with the EEOC satisfied the filing requirements of the local agency and cited cases in which courts held that a filing with the EEOC does not preserve a claim with the local agency. (Id. at *13).

4

the better reasoned case law cited by DB that holds that the actual filing of a charge with the State Division is the determinative event for tolling the NYSHRL statute of limitations.

Finally, the real thrust of Esposito's argument is one of equitable tolling. Esposito argues that because she "assumed" that the EEOC would file her charge with the state or city agencies, she should be allowed to bypass the requirements for filing a charge under the state and city laws. (Opp. Br., p. 7.) Esposito's contention that her claims should be tolled because the notification language on her charge said that she wanted her charge filed with the state division has been rejected by this Court. In Kearney v. ABN Amro Inc., No. 04 CV 06885, 2006 U.S. Dist. LEXIS 56705 (S.D.N.Y. Aug. 10, 2006),[6] the Court concluded that the plaintiff's claims had not been tolled even though the plaintiff had expressly asked the EEOC to file her claim with the state division. Id. at *15. Moreover, this equitable tolling argument is unavailable to plaintiffs who, like Esposito, were adequately represented by counsel during the administrative process.[7] See, e.g., Long v. Frank, 22 F.3d 54, 59 (S.D.N.Y. 1994); Lynk v. Henderson, No. 98 Civ. 2086, 2000 WL 178859, at *7 (S.D.N.Y. Feb. 15, 2000); Economou v. Caldera, No. 99 Civ. 12117, 2000 WL 1844773, at *20 (S.D.N.Y. Dec. 28, 2000).[8] In addition, any balance of equities tilts decidedly toward DB. It is because of the inattention of Esposito and her counsel that DB was denied notice of her intention to file a charge under the state and city laws – a notice

---

[6] Copies of unpublished decisions are attached hereto as Exhibit A.

[7] Esposito indicated that she was represented by counsel in her charge of discrimination, filed with the EEOC on February 8, 2002. See Exh. A to the Affirmation of Joanne Seltzer in support of the Opening Brief, p. 3. ¶ 19.

[8] While the Kearney court denied the defendant's motion to dismiss, it did so only because the plaintiff argued that the statutes of limitations should be equitably tolled due to the EEOC's mistake in not forwarding the charge to the State Division. See id. at *18. Significantly, as explained below, Esposito has no such equitable tolling argument because it is unavailable to plaintiffs, like her, who were represented by counsel during the relevant period.

that is required under the NYSHRL. See N.Y. Exec. Law § 297(2). As a result, DB was denied the right to challenge, and possibly defeat, her claims on the merits in the agency process.[9]

## II. THE PROMOTION AND PAY CLAIMS SHOULD BE DISMISSED

In its Opening Brief, DB showed that Esposito's promotion and compensation claims under Title VII and the ADEA should be dismissed since she became aware of the promotion decision, her 2000 bonus and her 2001 salary before April 14, 2001, 300 days before her charge was filed. In opposition, Esposito tries to confuse and, in one instance, contradict the facts set forth in her Complaint.

Esposito's disparate bonus claim is readily disposed of. Her Complaint clearly establishes she knew of the bonus decisions by January 2001. (Complaint, ¶ 70). While Esposito attempts to "clarify" this fact in her purported amended complaint, the attempt only drives home the point of the claim's untimeliness even more decisively. The purported new paragraph reads: "In April 2001, Gina Esposito became aware that in January 2001, Joanne Passiatore and Dan Richards received bonuses of $55,000 each. In that same year, Gina Esposito received a bonus of $30,000." (DeLince Aff., Exh. C, ¶ 70.) Logically, if her co-workers were given their bonuses in January 2001, it stands to reason that Esposito received her bonus at the same time. The fact that Esposito may have found out the amount of her co-workers' bonuses in April 2001 has no bearing on the operative fact that *she* was notified of her bonus award in January 2001.

Esposito does not even attempt to defend the timeliness of her disparate salary claim. By failing to dispute that she would have known the amount of her 2001 salary within the first few

---

[9] Esposito also argues that filing a claim with both the State Division and the EEOC would be inefficient and somehow convert her into a "double dipper claimant." There is absolutely no support for this conclusion. The practice of filing a claim at the State Division during the pendency of a claim with the EEOC is common among plaintiffs who want to preserve the timeliness of their state and city claims. The WSA even contemplates a charging party's filing of a separate charge with the state agency. WSA II(C).

6

paychecks of 2001, she has conceded that the disparate pay claim based on her 2001 salary is untimely and should be dismissed.

Finally, Esposito argues that Dall's communication to her regarding the promotion decision, which occurred before April 14, 2001, was "ambiguous." (Opp. Br., p. 16.) However, there is nothing equivocal about Dall's conversation with Esposito, *as pled by Esposito*, during which she understood that she would not be promoted in 2001. Esposito asserts that her conversation with Dall, occurring some time in the early part of April 2001, "confirmed" her belief that she would never be given an opportunity for advancement within DB. (Complaint, ¶ 78.) There is no doubt that the conversation with Dall was direct and unequivocal enough to convince Esposito that she was being denied advancement opportunities because of her age. Rather than focusing on the time she became aware that *she* was not going to be promoted, Esposito, instead, tries to shift the Court's attention to the time she became aware of her colleagues' promotions, which she alleges to have occurred after April 14, 2001. The fact that she may have found out about her co-workers' promotions after this date is irrelevant to the running of her statute of limitations under the ADEA and Title VII, which is triggered when she became aware that she had been denied *her* promotion. (See Opening Br., pp. 17-18.) Tellingly, Esposito does not even attempt to dispute the controlling case law in DB's Opening Brief. Esposito's promotion and pay claims should, therefore, be dismissed.

### III.   ESPOSITO'S REQUEST TO AMEND HER COMPLAINT SHOULD BE DENIED

Esposito asks the Court's permission to amend her Complaint. However, Courts have consistently denied permission to amend complaints where the new facts were known at the time the original complaint was filed, particularly where, as in Esposito's case, the plaintiff fails to explain why the new facts were not included in the original complaint. See Avent v. Solfaro, No. 02 Civ. 0914, 2003 WL 21361730, at *3 (S.D.N.Y. June 12, 2003). See also Vine v.

7

Beneficial Fin. Co., 374 F.2d 627 (2d Cir. 1967). In addition, Courts have refused to allow an amendment where such amendment would be futile – i.e., where, as in this case, it would make no difference to the timeliness of Esposito's claims. See In re Alacatel Sec. Litig., 382 F. Supp. 2d 513, 535 (S.D.N.Y. 2005).

Esposito's first purported amendment, in Paragraph 70, adds the words "In April 2001" to the remainder of the sentence, which would, therefore, read "**In April 2001**, Gina Esposito became aware that in January 2001, Joanne Passiatore and Dan Richards received bonuses of $55,000 each." (Proposed Complaint, DeLince Aff., Exh. C, ¶ 70.) As discussed above, this amendment does nothing to change the fact (and, in fact, further highlights the fact) that Esposito knew about her bonus at the same time that her coworkers did – in January 2001.

Paragraph 75 originally averred that, in April 2001, Esposito and Dall "discussed the promotions of Joanne Passatore and Dan Richard." (Complaint, ¶ 75.) The proposed amendment now states that the discussions, in fact, centered around the promotions in the group and that Dall never let on that he had promoted Passiatore and Richards. Not only does this flatly contradict a fact that Esposito should have known at the time she filed the Complaint, but it also makes no difference to the pivotal portion of the Paragraph, which states that, as a result of this conversation, Esposito reasonably understood Dall to mean that younger workers had a better future at DB than older ones. (Complaint, ¶ 75.) Moreover, the crucial language in Paragraph 78 that her conversation with Dall "confirmed [her] belief that she would *never* be given any opportunity for advancement within Deutsche Bank" remains unchanged in the proposed amended complaint. It is this fact – Esposito's knowledge that she would not be promoted because of her age – that triggers the federal statutes of limitations.

The proposed change to Paragraphs 81, 83 and 84 are also futile, since they do nothing but clarify the date on which Esposito formally found out about her co-workers' promotions. However, the date on which Esposito learned of her co-workers' promotion has no bearing on when *she* became aware that she was not being promoted – the operative date for the running of the statute of limitations under Title VII and the ADEA.

Because the proposed amendments contradict previously known facts and because they would be futile, the Court should deny Esposito's request to amend her Complaint.

## CONCLUSION

For the foregoing reasons, DB respectfully requests that the Court grant its motion for partial dismissal of Esposito's Complaint.

Dated: New York, New York
       November 16, 2007

SIDLEY AUSTIN LLP

By: _____
    Cliff Fonstein
    Joanne Seltzer
    787 Seventh Avenue
    New York, New York 10019
    (212) 839-5300

Attorneys for Defendant
Deutsche Bank AG, New York branch

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on November 16, 2007, I caused a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of Defendants' Motion For Partial Dismissal of Plaintiff's Complaint to be served by electronic mail and by Federal Express on:

> J. Patrick DeLince
> DeLince & Clyne
> 44 Wall Street, 10th Floor
> New York, New York 10005
> jpd@delincelaw.com

*Joanne Seltzer*
Joanne Seltzer