Westlaw.

Not Reported in F.Supp.2d                                                                Page 1
Not Reported in F.Supp.2d, 2003 WL 21361730 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**Avent v. Solfaro
S.D.N.Y.,2003.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Reuben AVENT, Plaintiff,
v.
SOLFARO, Supt., C.O. Washington, and Sgt.
Gentillo Defendants.
No. 02 Civ.0914 RCC RLE.

June 12, 2003.

Jail inmate bringing conditions of confinement suit against superintendent, sergeant and correctional officer, moved to amend complaint to add other incidents and defendants. The District Court, Ronald L. Ellis, United States Magistrate Judge, held that: (1) complaint could not be amended to add additional incidents; (2) new individual defendants could not be added; and (3) municipality could not be added.

Motion denied.

See, also, 210 F.R.D. 91.
West Headnotes
**[1] Federal Civil Procedure 170A** ☜**839.1**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak839 Complaint
                170Ak839.1 k. In General. Most Cited Cases

**Federal Civil Procedure 170A** ☜**851**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak851 k. Form and Sufficiency of Amendment. Most Cited Cases
Jail inmate bringing conditions of confinement claim would not be allowed to amend complaint, to add additional incidents; inmate knew about incidents at time of original complaint, there was prejudice to personnel defending suit, as considerable discovery would have to be reopened, and new claims would likely be barred for failure to exhaust institutional

remedies. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983; Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

**[2] Federal Courts 170B** ☜**269**

170B Federal Courts
    170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
        170BIV(A) In General
            170Bk268 What Are Suits Against States
                170Bk269 k. State Officers or Agencies, Actions Against. Most Cited Cases
Eleventh Amendment precluded amendment of conditions of confinement complaint to add state corrections administrative personnel, sued in their official capacities. U.S.C.A. Const.Amend. 11.

**[3] Federal Civil Procedure 170A** ☜**392**

170A Federal Civil Procedure
    170AII Parties
        170AII(J) Defects, Objections and Amendments
            170Ak392 k. Amendments. Most Cited Cases
Jail inmate bringing conditions of confinement claim would not be allowed to amend complaint, to add county; there was no evidence that alleged exclusion of inmate from library was based on any county policy or custom, as required for municipal entity liability under § 1983. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

OPINION & ORDER
ELLIS, Magistrate J.

I. INTRODUCTION

*1 On February 6, 2002, *pro se* incarcerated plaintiff Reuben Avent ("Avent") filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment and of his right to procedural due process. He named as defendants Superintendent Solfaro ("Solfaro"), Sergeant Gentillo ("Gentillo"), and Correctional Officer Washington ("Washington"). In an order dated October 11, 2002, the Court set a discovery deadline of January 10, 2003. On April 16, 2003, Avent filed the instant

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21361730 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

motion, seeking to amend his complaint to add new defendants and allegations. He contends that discovery has revealed significant facts which justify the amendments. Defendants oppose the motion on the grounds that it will cause undue delay, will require defendants to expend significant resources, and therefore will be prejudicial. They also argue that the amendments will be futile, since the new claims would not survive a motion to dismiss.

For the reasons following, Avent's motion to amend the complaint is hereby DENIED.

## II. BACKGROUND

### A. Factual Allegations

In the original complaint, Avent alleges that Washington and Gentillo violated his Eighth Amendment rights by denying him recreation, using excessive force, and denying him medical care. *See* Complaint at 4-5.[FN1] He claims that Solfaro permitted the violations, failed to let him participate in a disciplinary hearing, and restricted his library access. *Id.*

> FN1. The pages in Avent's Complaint are not numbered, but the Statement of Claim begins on the fourth page.

Specifically, Avent alleges that on July 23, 2001, while he was housed at Rockland County Jail, Washington denied his promised recreation time and told him to "lock in." *Id.* at 4. After locking into his cell, Avent allegedly asked to speak with a sergeant, and Sergeant Gentillo arrived, saying, "I'm not in the mood for this shit."*Id.* Avent claims that Gentillo then sprayed mace in his face for thirty to forty seconds. *Id.* Washington allegedly handcuffed him and shoved his face into the cell wall. Avent claims that Gentillo then ran his face into closed doors in order to open them while bringing him to the intake area. He was allegedly placed in a dirty tank for several hours, handcuffed and left without a meal, and not allowed to see a nurse or wash his face. *Id.* Avent further claims he was not given a chance to clean his cell, and that he was denied access to the law library. *Id.* In addition, he contends that his right to due process was violated when he was denied participation in a disciplinary hearing following the incident and instead was informed of his punishment, which included loss of visiting and commissary

privileges. *Id.* at 4-5.

### B. Procedural History

On March 29, 2002, The Honorable Richard C. Casey referred this case to the undersigned for general pretrial matters and all dispositive motions. On June 19, 2002, defendants answered the complaint. In an Opinion and Order dated October 9, 2002, the Court denied several applications brought by Avent, and subsequently set a discovery deadline of January 10, 2003. In an order dated January 13, 2003, the Court granted Avent permission to depose five nonparty witnesses: Lieutenant Stein ("Stein"), Lieutenant Liska ("Liska"), Todd Stevens, Juan Lopez, and Gary Hughes. The Court did not allow an extension of discovery, but permitted the depositions to take place beyond the deadline. The Court also required Avent to respond to defendants' outstanding discovery requests by January 27, 2003. Avent filed his motion to amend the complaint on April 16, 2003.

### C. Avent's Proposed Amendments

*2 Much of Avent's amended complaint embellishes facts relating to the Eighth Amendment and Due Process claims contained in the original complaint. *See* Amended Complaint ("Am.Compl.") at ¶¶ 23-44. Avent additionally claims that defendants interfered with his ability to attend court appearances, *id.* at ¶¶ 51, 68, retaliated against him for making complaints, *id.* at ¶¶ 68-69, and therefore violated his rights under the First, Fifth, Sixth and Fourteenth Amendments of the Constitution. *Id.* at ¶¶ 67-77.He also claims that he was denied equal protection under the Fourteenth Amendment of the Constitution, *id.* at ¶¶ 78-85, and asserts state law claims for assault and battery.*Id.* at ¶¶ 101-105.

Avent alleges that an additional incident occurred on May 30, 2001, in which he was assaulted by two other inmates in the presence of Gentillo. *Id.* at ¶ 19.Gentillo allegedly took no action to prevent the alleged assault, and sprayed mace on the crowd of inmates. *Id.* Avent also claims he was denied medical attention following the assault, *id.,* and that defendants falsified his prison disciplinary records to show more severe charges, in order to label him as a "special offender." *Id.* at ¶ 45.He alleges that the restrictions on his recreation time and library access began on April 27, 2001. *Id.* at ¶ 18.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2003 WL 21361730 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

In addition, Avent seeks to add over ten defendants, including the County of Rockland, the State of New York, Steven Savoy ("Savoy"), Stein, Liska, Lieutenant Conjura ("Conjura"), and several unidentified individuals who presided over his disciplinary hearing. *Id.* at Caption. Avent claims that the State is responsible for defendants, who are its employees and agencies, and that Rockland County is responsible for the policies and practices carried out at Rockland County Jail. *Id.* at ¶¶ 3, 5. Savoy is allegedly a Commission of Corrections employee responsible for enforcing New York State regulations and supervising the correctional facility, *id.* at ¶ 9-10; he allegedly enforced a policy of denying Avent recreation, *id.* at ¶ 18, and he failed to properly supervise prison officials. *Id.* at ¶¶ 62-64. Avent alleges that the remaining defendants were on duty on the date of the July 23, 2001 incident. *Id.* at ¶ 11. Stein, Liska, and Conjura were allegedly on duty from April 27, 2001, to October 30, 2001. *Id.* at ¶ 12. Liska allegedly threatened Avent with mace during parts of 1998.

### III. DISCUSSION

#### A. Legal Standard

Courts should grant parties leave to amend pleadings "when justice so requires." *See* FED.R.CIV.P. 15(a). However, leave to amend may be denied for reasons such as the movant's undue delay, bad faith, or dilatory motive; the futility of the amendment; and undue prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). An amendment is considered "futile if [the] proposed claim could not withstand a motion to dismiss." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir.2002) (citation omitted). In evaluating prejudice to the opposing party, courts consider whether an amendment will require the party to expend significant resources in discovery and whether resolution of the dispute will be delayed. *Monahan v. New York City Dep't of Corrections,* 214 F.3d 275, 284 (2d Cir.2000), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 623, 148 L.Ed.2d 533 (2000) (citing *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993)). *Pro se* litigants in particular should be afforded reasonable opportunities to amend in order to demonstrate the existence of a valid claim. *Stevens v. Goord,* 2002 WL 987293 at *1 (S.D.N.Y. May 10, 2002) (quoting *Satchell v. Dilworth,* 745 F.2d 781, 785 (2d Cir.1984)).

*3 Defendants assert that substantial resources have already been expended on discovery, including its defense of several discovery motions and the special arrangements which were made to conduct Avent's deposition. They contend that allowing Avent to add defendants and new incidents would require the parties to restart discovery and would significantly delay resolution of the current claims. Defendants further argue that none of the new facts alleged by Avent were revealed to him through discovery, but rather are premised on incidents in which Avent was personally involved prior to the filing of the complaint. Therefore, defendants assert that there is no justification for Avent's delay in making the motion and that they will be prejudiced. Defendants also assert that the motion should be denied as futile for the following reasons: (1) Avent cannot establish that he exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); (2) Avent asserts claims that are barred by the statute of limitations; and (3) his claims against Savoy and the State of New York are barred by the Eleventh Amendment.

#### B. Avent's New Claims

[1] The Court is not persuaded that Avent is entitled to amend his complaint to assert the new allegations. Avent would have been directly involved in, and thus aware of, the May 30, 2001 incident, the defendants' alleged retaliation, and their alleged interference with Avent's court appearances prior to the February 6, 2002 filing of the complaint. He has put forth no reason for failing to include these allegations in his original complaint. Discovery in this case was closed on January 10, 2003, with the exception of depositions that the Court permitted Avent to take soon thereafter, and Avent has not justified the resulting prejudice that would be caused by asserting the new claims.

However, even if the Court overlooks the delay, in light of Avent's *pro se* status, the claims still must be denied on the grounds of futility. These amendments would be futile because Avent has not demonstrated that he exhausted his administrative remedies, as is required by the PLRA, 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA applies to all suits about "prison conditions," regardless of whether the claims allege excessive force or other specific acts. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Avent has

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06722-RJS    Document 20-3    Filed 11/16/2007    Page 4 of 5

Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 21361730 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

presented no evidence that he filed a grievance with regard to the May 30, 2001 incident or the other alleged acts predating the July 23, 2001 incident. Additionally, Avent's claim against Liska for threatening him with mace in April through August of 1998, see Am. Compl. at ¶ 55, is barred by the statute of limitations governing § 1983 claims, which in New York is three years. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir.2002) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)).

In addition, defendants would likely need to redepose Avent and engage in extensive discovery relating to the various allegations. There is no doubt that adding the new claims could significantly delay resolution of Avent's current claims. The Court therefore finds that in light of the unexplained delay, the futility of the amendments, and the resulting prejudice to the defendants, Avent may not add the proposed allegations to his complaint.

### C. Addition of Defendants

**\*4[2]** With regard to the new defendants, Avent's amendments must also be denied on grounds of futility and prejudice. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. In essence, the Eleventh Amendment bars all suits in federal court against an unconsenting State. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). It would therefore be futile for Avent to add the State of New York as a defendant because it is immune from suit in this Court.

The doctrine of immunity also prevents suits against state officials where "the state is the real, substantial party in interest." Id. at 101 (quoting Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945)). A suit against a state official is in fact against the state "if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.' " Id. at 102 n. 11 (quoting Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963)). On the other hand, state officers who have acted ultra vires, or beyond the scope of, their authority will not be immune from suit. A state official acts ultra vires

"when he acts without any authority whatever." Id. (internal quotations and citations omitted). The ultra vires standard does not include instances where the official erroneously exercises delegated authority, as opposed to his lacking delegated power. Id. However, where state officials act pursuant to an unconstitutional statute or policy, they may not claim immunity. The amended complaint proposes to sue Savoy in his official capacity, as an enforcer of state regulations and policies, but Avent does not identify an unconstitutional policy promulgated by the state. Nor does he allege intentional or deliberate misconduct by Savoy, as is required for Eighth Amendment claims. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The allegations against Savoy, Stein, Liska,[FN2] Conjura, and the unnamed members of the board who presided over his disciplinary hearing do not satisfy the ultra vires standard because Avent has failed to allege that these officers acted outside the scope of their delegated power. He has not alleged any personal involvement, either in the form of deliberate indifference or direct acts, by Savoy, Stein, or Conjura in depriving his federally-protected rights. Furthermore, adding these defendants would delay the litigation and cause prejudice, as it would require extensive additional discovery and the use of substantial resources by defendants.

> FN2. Avent's only allegations against Liska relate to threats of mace in 1998, which as earlier noted, are barred by failure to exhaust administrative remedies and by the three-year statute of limitations governing § 1983 cases. Therefore, it would clearly be futile to add Liska as a defendant.

[3] Although municipal entities are generally subject to liability under § 1983, see Monell v. Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), it would also be futile for Avent to add Rockland County as a defendant. Municipal liability may be imposed when there is a municipal policy or custom whose enforcement is the direct cause of or "moving force" behind the violation of plaintiff's federally-protected rights. See City of Canton v. Harris, 489 U.S., 378, 385-92, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); accord Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 400, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). In order to claim that a municipality has a policy of failing to adequately train state officials, for example, a plaintiff must show that the municipality made a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 5
Not Reported in F.Supp.2d, 2003 WL 21361730 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

"conscious" choice which evidences a "deliberate indifference" to the rights of its inhabitants. *City of Canton,* 489 U.S. at 389 (citations omitted). Avent seeks to add Rockland County as the entity responsible for the policies and practices carried out at Rockland County Jail, where the alleged incidents took place. He has not, however, specified what policies or customs of Rockland County were the "moving force" behind the deprivation of his federally-protected rights. His amended complaint alleges that individual defendants carried out a policy of denying him recreation time and library access. However, it does not appear that Avent can prove any set of facts to show that these actions were the direct result of any Rockland County policy. Even if Avent intends to allege that the municipality has a policy of inadequately training its officials, he does not allege any facts pointing to the County's "deliberate indifference" to the rights of prisoners.

### IV. CONCLUSION

**\*5** For the foregoing reasons, Avent's motion to amend the complaint is DENIED.

S.D.N.Y.,2003.
Avent v. Solfaro
Not Reported in F.Supp.2d, 2003 WL 21361730 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.