LEXSEE 2006 US DIST LEXIS 56705

**BARBARA KEARNEY, Plaintiff, -against- ABN AMRO INC., Defendant.**

04 CV 06885

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2006 U.S. Dist. LEXIS 56705

**August 10, 2006, Decided**
**August 11, 2006, Filed**

**COUNSEL:** [*1] For Barbara Kearney, Plaintiff: William F. Dahill, Wollmuth, Maher & Deutsch, L.L.P., New York, NY.

For ABN AMRO Inc., Defendant: M. Victoria Bayoneto, Sharon A. Parella, White & Case LLP, New York, NY; Paula Kae Colbath, Loeb & Loeb LLP, New York, NY.

**JUDGES:** DEBORAH A. BATTS, U.S.D.J.

**OPINION BY:** DEBORAH A. BATTS

**OPINION**

*MEMORANDUM & ORDER*

DEBORAH A. BATTS, United States District Judge.

Plaintiff Barbara Kearney ("Kearney") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); the Equal Pay Act, 29 U.S.C. § 206(d)(1) ("EPA") [1]; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-624 ("ADEA") [2]; the New York State Human Rights Law § 290, et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, et seq. ("NYCHRL"). Defendant ABN AMRO Inc. ("ABN") moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

[1] The Court notes that Plaintiff has voluntarily withdrawn her EPA claim. (Pl.'s Mem. Law at 3, 13-14.)

[*2]

[2] Plaintiff lists the ADEA as a basis for her employment discrimination claim, however, she does not assert a claim for relief under the ADEA.

For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

I. BACKGROUND

For purposes of this motion, the facts set forth in the Complaint are accepted as true. Plaintiff's employment with ABN commenced in October, 1990 and continued for over ten years, until her discharge on April 26, 2001. (Compl. P 11.) From 1996 to 2000, Plaintiff held the title of vice president of Equity Capital Markets. (Id. P 12.) In March 2000, she was promoted to senior vice president. (Id. P 14.)

Plaintiff claims that she was treated differently from similarly situated male employees at ABN. Specifically, she asserts that ABN continuously paid her less, with respect to base salary and bonus payments, than male ABN employees with "substantially similar or lesser tenure and responsibilities." (Id. at 4-5.) Plaintiff illustrates the alleged pay disparity by comparing her earned base salary and bonus payments, from 1997 to 2000, to [*3] the yearly compensation received by similarly positioned male ABN employees. (Id.)

On several different occasions in 2000, Plaintiff met with her supervisor, Charles van Schelle ("van Schelle"), a managing director of ABN, to discuss her unequal pay. (Id. P 20.) During those meetings van Schelle acknowledged the pay disparity but asked Plaintiff to be patient, promising that ABN would "make up the difference in due course." (Id.) In January 2001, Plaintiff claims that despite a favorable review she did not receive a salary increase and received a disparate bonus as compared with similarly positioned male employees. (Id. P 22.) Shortly thereafter, in February 2001 Plaintiff met with her new supervisor, Henry Erbe ("Erbe"), a managing

director of ABN, to discuss her disparate pay. (Id. at 5.) During this meeting with Erbe, Plaintiff was informed that she would not receive a salary increase, and that only the "young ones" would receive an increase. (Id.)

Sometime before April 2001, Defendant informed Plaintiff that it was necessary to terminate two employees in Plaintiff's department as a result of Defendant's merger with another company. (Id. P 27.) Plaintiff was asked by ABN management [*4] to provide suggestions as to which employees should be terminated. (Id. P 28.) During a meeting, which included Plaintiff, Erbe, and another ABN employee, it was decided that Tia Bryant, an administrative assistant, and Douglass Ridgeway, a production manager, would be terminated from their employment at ABN. (Id.) Although Defendant assured Plaintiff that her employment was safe from the merger-related workforce reductions, she was discharged upon return from her vacation on April 26, 2001. (Id. PP 27, 29.) Plaintiff later learned that she was terminated in lieu of Ridgeway, who was originally slated for termination, and that she was replaced by two younger, less experienced male employees. (Id. PP 29-30.) Plaintiff asserts that her employment was terminated in retaliation for her repeated requests for equal pay. (Id. P 26.)

On October 25, 2001, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") alleging gender and age discrimination. (Id. P 24; Colbath Decl. Ex. 2.) On November 8, 2001, Plaintiff filed an amended complaint with the EEOC adding a claim under the Equal Pay Act. (Compl. Ex. A; Colbath Decl. Ex. 1 at Ex. A.) Plaintiff checked [*5] the boxes for sex and age, indicating those bases as her "cause of discrimination." (Id.) In her "Memorandum Accompanying Charge of Sex and Age Discrimination," Plaintiff alleges that Defendant has violated Title VII of the Civil Rights Act of 1964, the Equal Pay Act and the Age Discrimination in Employment Act of 1967 by paying her less than men of equal and lesser employment status and tenure and by terminating Plaintiff "in retaliation for her persistent efforts to receive equal pay." (Compl., Ex. A at 1-5.) On June 4, 2004, the EEOC dismissed Plaintiff's charge and issued Plaintiff a Notice of Right to Sue. (Compl. PP 6-7.)

Plaintiff then timely filed the instant Complaint. Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that Plaintiff's claims are barred by the applicable statute of limitations, that Plaintiff failed to comply with applicable pleading requirements, and that Plaintiff otherwise fails to state a claim upon which relief can be granted.

II. DISCUSSION

In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true all well pleaded factual allegations in the [*6] complaint and draw all reasonable inferences in favor of the plaintiff. *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004); *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). The Court should consider a 12(b)(1) motion before ruling on any other motions to dismiss, because dismissal of an action for lack of subject matter jurisdiction will render all other defenses and motions moot. *See United States ex rel. Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993); *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). Thus, a court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the "jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Magee v. Nassau County Med. Ctr.*, 27 F.Supp.2d 154, 158 (E.D.N.Y. 1998). A. Rule 12(b)(1)

1. Title VII: Discriminatory Treatment

Defendant argues that Plaintiff's Title VII gender-based discrimination claims should be dismissed, as they are time-barred. (Def. [*7] 's Mem Law at 4.)

Timely filing of a charge of discrimination with the EEOC is a prerequisite to filing a Title VII complaint in federal court. 42 U.S.C. § 2000e-5(b). Under Title VII, a plaintiff in New York[3] must file a charge of discrimination with the EEOC within 300 days of the offensive conduct occurring. 42 U.S.C § 2000e-5(e)(1); *see also Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 133 (2d Cir. 2003); *Weeks v. New York State*, 273 F.3d 76 (2d Cir. 2001); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996); *Butts v. City of New York Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). Plaintiff filed her EEOC charge of gender and age discrimination on October 25, 2001. Plaintiff has claimed several disparate pay violations from 1997 to 2000, which is more than 300 days before the day Plaintiff filed her EEOC charge. Therefore, Plaintiff's Title VII gender discrimination claims are time-barred with respect to acts or events that occurred before December 29, 2000.

---

3   Section 2000e-5(e) provides for a 300-day statute of limitations for filing a charge of discrimination with the EEOC in states that have an agency with the authority to address charges of discriminatory employment practices, which New York has. For states without such an agency, the statute of limitations to file an EEOC charge is 180 days. 42 U.S.C § 2000e-5(e).

[*8] Plaintiff argues that her Title VII discrimination claims are timely, because Defendant's repeated refusal to compensate her with equal pay vis-a-vis male employees constitutes a continuing violation, which is an exception to the filing statute of limitations. The continuing violation exception provides that "a plaintiff who files a timely EEOC charge about a particular discriminatory act committed in furtherance of an ongoing policy of discrimination extends the limitations period for all claims of discriminatory acts committed under that policy even if those acts, standing alone, would have been barred by the statute of limitations." *MacDonnell v. Liberty Cent. Sch. Dist.*, 115 Fed. Appx. 489, 490-491 (2d Cir. 2004) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)) The Supreme Court, however, has held that discrete discriminatory acts are not actionable if they are time-barred, even when they are related to acts alleged that were timely filed. *See AMTRAK v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging the act.").

The Second Circuit has [*9] stated that "a claim of discriminatory pay is fundamentally unlike other claims of ongoing discriminatory treatment because it involves discrete, individual wrongs rather than a single and indivisible course of wrongful action." *Pollis v. New Sch. for Social Research*, 132 F.3d 115, 119 (2d Cir. 1997); *see also Crosland v. City of N.Y.*, 140 F. Supp. 2d 300, 308 (S.D.N.Y. 2001) (noting "[i]t is well-settled that . . . failure to compensate adequately, and failure to promote are all discrete acts which do not constitute a continuing violation."). Plaintiff's complaint of disparate pay violations, from 1997 to 2000, which occurred outside the 300-day statute of limitations, are discrete acts and independently actionable. Thus, Plaintiff has failed to establish a continuing violation.

Accordingly, all claims based on acts of gender discrimination occurring before December 29, 2000 are hereby DISMISSED as time-barred.

2. Title VII: Retaliation

Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiff's Title VII retaliation claim because Plaintiff failed to raise the claim in her EEOC charge. Specifically, Defendant points to [*10] Plaintiff's failure to check the "retaliation" box on her EEOC Charge form or on her Amended Charge form. (Def.'s Mem. at 9.)

Before filing a Title VII claim in federal court, a plaintiff must first pursue his or her available administrative remedies and file a complaint with the EEOC. *See Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *Fitzgerald v. Henderson*, 251 F.3d 345, 358-59 (2d Cir. 2001); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). A district court's jurisdiction over Title VII claims is limited to the claims included in the EEOC Charge. *Butts*, 990 F.2d 1397, 1401. "This exhaustion requirement is an essential element of Title VII's statutory scheme." *Id.* However, the Second Circuit has recognized that claims that were not asserted before the EEOC "may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Deravin*, 335 F.3d 195, 200 (quoting *Legnani*, 274 F.3d at 686); *see also Butts*, 990 F.2d at 1401 (citations omitted). A claim is [*11] "reasonably related" [4] to complaints in an EEOC charge "where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Butts*, 990 F.2d at 1402 (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n.10 (2d Cir. 1978)).

  4  The Second Circuit has also recognized two other types of claims that are reasonably related to the claims asserted in an EEOC complaint: "(1) a claim 'alleging retaliation by an employer against an employee for filing an EEOC charge,' and (2) a claim where the plaintiff 'alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC.'" *Deravin*, 335 F.3d 195, 201, n.3 (*quoting Butts*, 990 F.2d at 1402-03).

Although Plaintiff did not check the "retaliation" box on the EEOC Charge form or on the Amended Complaint form, her memorandum accompanying the EEOC charge form repeatedly [*12] raised her retaliation claim. (Compl., Ex. A at 1-5.) In the narrative portion of her EEOC charge, Plaintiff specifically alleged that she was terminated "in retaliation for her persistent efforts to receive equal pay," and provided facts giving rise to her claim. (Id.) Plaintiff's retaliation claim was clearly within the "scope of the EEOC investigation" and is reasonably related to her EEOC discrimination claim. *Butts*, 990 F.2d at 1402. *See also Macri v. Newburgh Enlarged City Sch. Dist.*, 01 Civ. 1670, 2004 U.S. Dist. LEXIS 10515, at *52-53 (S.D.N.Y. June 7, 2004) (finding that while plaintiff did not check "retaliation" box on EEOC charge, she still could pursue a retaliatory claim because Plaintiff's charge alleged facts supporting the claim); *Stuevecke v. New York Hosp. Med. Ctr. Of Queens*, No. 01-CV-326, 2003 U.S. Dist. LEXIS 14793, at *13-*14 (E.D.N.Y. Aug. 26, 2003) (finding that plaintiff who did not check the "retaliation" box on the EEOC charge could pursue her retaliation claim as plaintiff's "narrative description of . . . alleged wrongdoing could reasonably have prompted an investigation of retaliatory

conduct.") Accordingly, [*13] Defendant's motion to dismiss Plaintiff's retaliation claim is hereby DENIED.

3. State & City Claims

Defendant seeks to dismiss Plaintiff's claims alleging gender and age discrimination and willful retaliation in violation of NYSHRL and NYCHRL, arguing those claims are time-barred by the statute of limitations. (Def.'s Mem. at 13.) The adverse employment action determination date in Plaintiff's case is the date she was terminated, April 26, 2001. Based on that date, Plaintiff's NYHRL claims would be time-barred because she did not commence this action until August 25, 2004, four months after the statute of limitations expired. However, Plaintiff argues that her NYHRL claims were tolled during the pendency of her EEOC charge, because the EEOC inexplicably failed to file her charge with either the New York State Department of Human Rights ("NYSDHR") or the New York City Department of Human rights ("NYCDHR"). (Pl.'s Mem. Law at 18.)

The statute of limitations under the New York Human Rights Law ("NYHRL") is three years. N.Y.C.P.L.R. § 214(2); *Van Zant*, 80 F.3d 708, 714; *Koerner v. State of New York*, 62 N.Y.2d 442, 447, 467 N.E.2d 232, 478 N.Y.S.2d 584 (N.Y. 1984). "In the employment [*14] discrimination context, a claim accrues on the date that an advance employment determination is made and communicated to the plaintiff." *Radin v. Albert Einstein College of Med. of Yeshiva Univ.*, 04 Civ 704, 2005 U.S. Dist. LEXIS 9772, at *57 (S.D.N.Y May 20, 2005). "As a general rule, an action is deemed commenced with the state agency when the EEOC forwards the complaint to the state agency." *Sharpe v. American Express Co.*, 689 F. Supp. 294, 302 (S.D.N.Y. 1988). According to 29 C.F.R. § 1601-13(a)(4)(i)(B), "[s]tate or local proceedings are deemed to have commenced on the date such document [the Charge] is mailed or hand delivered" by the EEOC.

Plaintiff initiated proceedings with the EEOC on October 21, 2001 and requested that the Charge be filed with both the EEOC and the NYSDHR--the state agency responsible for processing employment discrimination claims--pursuant to a worksharing agreement between the two agencies. (Compl., Ex. A; Colbath Decl., Ex. 2.) For reasons unknown to Plaintiff [5] or to this Court, the NYSDHR or the NYCDHR never received Plaintiff's charge. However, Plaintiff has provided this Court with an affidavit stating [*15] that employees of both the NYSDHR and the NYCDHR confirmed, via telephone conversations, the absence of any record within their respective database systems of the EEOC ever having cross-filed Plaintiff's charge. (Baron Decl.) While courts do not generally "penalize litigants for EEOC's mistakes," *Harris v. City of N.Y.*, 186 F.3d 243, 248 n.3 (2d Cir. 1999), the Court cannot reach the issue of Plaintiff's equitable tolling argument as applied to her pendant state claims without further information from the EEOC.

> 5  Plaintiff suggests that the EEOC's failure to file her Charge with either NYSDHR or NYCCHR "may be related to the events surrounding the EEOC's loss of its offices on September 11, 2001." (Pl.'s Mem. Law at 18.)

Plaintiff argues that had the EEOC forwarded her Charge to the state and local agency, as mandated, her claims under the NYSHRL and the NYCHRL would have been tolled during the pendency of the Charge. Plaintiff argues that because the EEOC serves a similar administrative function [*16] as the NYSDHR and the NYCDHR, her state and city claims should be tolled during the pendency of the EEOC Charge.

N.Y. Exec. Law § 297(a) provides a stay by prohibiting the commencement of suit when a complaint has been filed with the New York Division of Human Rights. "Thus, upon the filing of such a complaint and during its pendency, the Statute of Limitations is tolled until the administrative proceeding is terminated." *Pan American Airways v. N.Y. Human Rights Bd.*, 61 N.Y.2d 542, 549, 463 N.E.2d 597, 475 N.Y.S.2d 256 (N.Y. 1984). Therefore, only upon a dismissal by the NYSHRD or the NYCHRD on the ground of administrative convenience, may a plaintiff bring a federal claim. [6] *See* N.Y. Exec. Law § 297; *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir. 1991) (stating "Section 297 clearly provides that a plaintiff whose complaint before the state agency is dismissed for administrative convenience may seek a court remedy."); *Moodie v. Fed. Reserve Bank of N.Y.*, 861 F. Supp. 10, 13 (S.D.N.Y. 1994), aff'd, 58 F.3d 879 (2d Cir. 1995) (stating under § 297(9), dismissal on the ground of administrative convenience is the only ground [*17] for not barring a court action).

> 6  Under the Administrative Code's "so-called election of remedies doctrine, an aggrieved individual has the choice of instituting either judicial or administrative proceedings." *Lyman v. City of New York*, 96 Civ. 2382, 1997 U.S. Dist. LEXIS 12340, at *12 (S.D.N.Y. Aug. 20, 1997) (citing *Hourahan v. Ecuadorian Line*, 95 Civ. 10698, 1996 U.S. Dist. LEXIS 19435 (S.D.N.Y. Dec. 31, 1996)). Once a plaintiff invokes one procedure, she has elected her remedy and cannot later pursue her claim in a different forum. *Lyman*, 1997 U.S. Dist. LEXIS 12340 at *12.

The Court notes Defendant's argument that "courts in this Circuit have repeatedly held that the statute of limitations is not tolled during the pendency of an EEOC

charge." (Def.'s Reply at 9.) However, the decisions relied on by Defendant differ significantly from Plaintiff's case. *E.g., Lamb v. Citibank, N.A.,* 93 Civ. 2358, 1994 U.S. Dist. LEXIS 12903, *23-*24 (S.D.N.Y. Sept. 9, 1994), [*18] aff'd, 122 F.3d 1056, 1995 U.S. App. LEXIS 28868 (2d Cir.), cert. denied, 517 U.S. 1188, 116 S. Ct. 1675, 134 L. Ed. 2d 778 (1995) (holding that filing EEOC and state human rights charge does not toll plaintiff's intentional infliction of emotional distress claim); *Katt v. New York City Police Dep't,* 95 Civ. 8283, 1996 U.S. Dist. LEXIS 19400, *8, (S.D.N.Y. Dec. 30, 1996) (holding that plaintiff's state common law torts not tolled during pendency of EEOC charge); *Gilani v. NASD,* 96 CV 8070, 1997 U.S. Dist. LEXIS 12287, at *31, n.5 (S.D.N.Y. Aug. 18, 1997) (stating that plaintiff's state discrimination claims were not tolled because plaintiff only filed a charge with the EEOC, and not with the state Human Rights Division). In the present case, Plaintiff's case is distinguishable from both *Lamb* and *Katt,* because her NYSHRL and NYCHRL discrimination claims are not distinct from her Title VII claims. Moreover, unlike the plaintiff in *Gilani,* Plaintiff specifically requested her EEOC charge be forwarded to the state and local human rights agencies.

Although Plaintiff may not pursue her pendant claims without more evidence to authenticate [*19] the assertion that the EEOC failed to cross-file her charge with either the NYSDHR or NYCDHR, the Court recognizes that this issue cannot be resolved without discovery. The Court finds that had the EEOC forwarded the charge, the claims would be tolled, however the question of whether the EEOC is at fault is still outstanding and precludes grating Defendant's motion to dismiss. Accordingly, Defendant's motion to dismiss Plaintiff's state and city law claims is DENIED at this time.

B. Rule 12(b)(6)

Defendant also moves to dismiss Plaintiff's Title VII gender discrimination claims and retaliation claim, arguing that Plaintiff failed to satisfy the pleading requirements for a Title VII employment discrimination claim.

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of N.Y.,* 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted). The Court will grant such a motion only if, after viewing plaintiff's allegations in a most favorable light, "it appears beyond doubt that the plaintiff can prove no set of facts in support [*20] of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *see also Walker v. New York,* 974 F.2d 293, 298 (2d Cir. 1992).

To survive a motion to dismiss, "an employment discrimination plaintiff need not plead a prima facie case of discrimination," but rather need only include "a short and plain statement showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1, (2002) (stating that the federal rules do not contain a heightened pleading standard for employment discrimination suits). The pleading standard as set out in Swierkiewicz requires that a complaint in an employment discrimination claim "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512. (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

1. Title VII: Gender Discrimination

Defendant argues that Plaintiff's gender discrimination claim fails to assert any facts to support her claim. However, at the pleading stage, it is sufficient that a plaintiff provide facts that simply give rise to an inference of discrimination. [*21] *Phillip v. Univ. of Rochester,* 316 F.3d 291, 298 (2d Cir. 2003) ("[A] Title VII plaintiff need not set forth circumstances supporting an inference of discrimination in order to survive a Rule 12(b)(6) motion."); *see also Swierkiewicz,* 534 U.S. at 512-13.

Plaintiff has provided numerous facts spanning a four-year period alleging gender discrimination to provide Defendant fair notice of her gender discrimination claim. The Complaint clearly sets forth Plaintiff's claim of disparate pay treatment as compared to her male colleagues and provides Defendant "adequate notice of the essence of [Plaintiff's] claim: that similarly-situated male employees received higher wages than she did." *Downes v. J.P. Morgan Chase & Co.,* 03 Civ. 8991, 2004 U.S. Dist. LEXIS 10510, at *23 (S.D.N.Y. June 3, 2004) (applying "liberal notice-pleading standards" in declining to dismiss plaintiff's EPA claim). Thus, Plaintiff satisfies the "fair notice" pleading requirement under the Swierkiewicz standard. Furthermore, while Plaintiff's gender discrimination claims that occurred before December 29, 2000 are time-barred, Plaintiff may "us[e] the prior acts [*22] as background evidence to support a timely claim." *Morgan,* 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106.

Accordingly, Defendant's motion to dismiss Plaintiff's Title VII gender discrimination claims, which occurred after December 29, 2000, is DENIED. [7]

---

7   The remaining, non time-barred Title VII claims of gender discrimination alleged by Plaintiff are: (1) in January 2001, despite Plaintiff's favorable review, Defendant did not grant Plaintiff a salary increase and did not provide her with a

bonus on par with male employees in same or lesser positions (Compl. P 22); and (2) in February 2001, Defendant refused to remedy the continuous pay disparity between Plaintiff and similarly situated male employees. (Id. P 23.)

2. Title VII: Retaliation

Defendant also argues that Plaintiff's retaliation claim should be dismissed because it fails to state a claim for relief. To make a prima facie case of retaliation, the Plaintiff must show (1) that she was engaged in a protected activity; (2) that the employer was aware of the activity; [*23] (3) that the employee suffered adverse employment decisions; and (4) that there was a connection between the adverse employment decision and the protected activity. *Boyce v. New York City Mission Society*, 963 F. Supp. 290, 295 (S.D.N.Y. 1997).

As previously discussed, Plaintiff need not establish a prima facie case of discrimination at the pleading stage. See *Pearson-Fraser v. Bell Atl.*, 01 Civ. 2343, 2003 U.S. Dist. LEXIS 89, at *11 (S.D.N.Y. Jan. 6, 2003) (stating that *Swierkiewicz's* "simplified pleading standard applies with equal force to retaliation claims"). Thus, Plaintiff need only allege facts that give Defendant fair notice of the retaliation claim and the grounds upon which it rests. *Id.* In her Complaint, Plaintiff alleges that Defendant terminated her employment as a result of her requests for equal pay. (Compl. P 26.) Plaintiff provides a timeline of the events leading up to her termination and details the circumstances surrounding her termination. The Court finds that the Complaint provides Defendant fair notice of Plaintiff's retaliation claim and the grounds upon which it rests.

Accordingly, Defendant's motion to dismiss Plaintiff's [*24] Title VII retaliation claim is DENIED.

C. Leave to Amend

Having found that Plaintiff's Title VII gender discrimination claims that occurred prior to December 29, 2000, are time-barred, and therefore must be dismissed pursuant to Rule 12(b)(1), the Court must next determine whether Plaintiff should be granted leave to amend her Complaint to cure any defects in these causes of action. Under F.R.C.P. 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, although "it is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), a court may dismiss without leave to amend when amendment would be futile. *Oneida Indian Nation v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). In this case, because Plaintiff's Title VII claims from before December 29, 2000 are time-barred, leave to amend is DENIED as futile.

III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED in part and DISMISSED in part. Defendant's [*25] Motion to Dismiss under Rule 12(b)(1) is GRANTED solely with respect to Plaintiff's claim of gender discrimination under Title VII, for acts that occurred before December 29, 2000, without leave to amend, and DENIED in all other respects; and Defendant's Motion to Dismiss under Rule 12(b)(6) is DENIED. Defendant shall answer Plaintiff's Complaint within (30) days of the date of this Memorandum and Order.

SO ORDERED

DATED: New York, New York

August 10, 2006

DEBORAH A. BATTS

U.S.D.J