LEXSEE 2001 U.S. DIST. LEXIS 1384

JAMES D. SOLON, Plaintiff, v. LARRY S. KAPLAN, FRED C. BEGY, III, and ROBERT C. von OHLEN, individually, and as partners in the firm of KAPLAN, BEGY, & von OHLEN, Defendants.

00 C 2888

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2001 U.S. Dist. LEXIS 1384

February 9, 2001, Decided
February 13, 2001, Docketed

**DISPOSITION:** [*1] Defendants' motion to dismiss [25-1] granted in part and denied in part. Individual capacity claims in Counts I and II (Title VII and the ADEA, respectively) dismissed with prejudice and Count III (Solon's IHRA claim) dismissed based on failure to exhaust administrative remedies. Motion to dismiss Count IV (Solon's implied covenant of good faith and fair dealing claim) denied. Defendants' motion to strike Solon's more definite statement [18-1], their second motion for a more definite statement [18-2], and the parties' joint motion to delay due dates stricken as moot. Court declined to reinstate the defendants' motion for sanctions.

**COUNSEL:** For JAMES D SOLON, plaintiff: Michael J. Hamblet, Hamblet, Oremus & Little, Chicago, IL.

For JAMES D SOLON, plaintiff: Robert Martin, Terry L Mann, Martin Pringle Oliver Wallace & Schwartz, Witchita, KA.

For LARRY S KAPLAN, FRED C BEGY, III, ROBERT C VON OHLEN, KAPLAN, BEGY & VON OHLEN, defendants: James F. Hendricks, Jr., Jane M. McFetridge, Fisher and Phillips LLP, Chicago, IL.

**JUDGES:** Blanche M. Manning, United States District Judge.

**OPINION BY:** Blanche M. Manning

**OPINION**

**MEMORANDUM AND ORDER**

In December of 1998, the Chicago law firm of [*2] Kaplan, Begy & von Ohlen terminated plaintiff James D. Solon, who was 59 years old and a partner in the firm. Solon sued the named partners in the firm individually, as well as the firm itself, claiming that he was a partner in name only and that he had been forced out based on his age and because he investigated incidents of sexual harassment within the firm. Defendants Larry Kaplan, Fred Begy, and Robert von Ohlen seek to dismiss portions of Solon's complaint under Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

**I. Background**

The following facts are drawn from Solon's second amended complaint. Plaintiff James Solon was a nominal partner in the law firm of Kaplan, Begy and von Ohlen until his termination on December 31, 1998. Defendants Larry Kaplan, Fred Begy, and Robert von Ohlen are also partners in the firm bearing their name, which is also named as an additional defendant. The firm employed more than fifteen employees at the time of the events alleged in the complaint.

According to Solon, the firm was originally organized in January of 1995 under the name of Kaplan and Begy. At the time the partnership was formed, [*3] Kaplan, Begy and von Ohlen told Solon that he would be a full partner in the law firm and all of the partners contributed $ 50,000 to the firm as working capital.

In December of 1995, Kaplan and Begy told Solon to investigate von Ohlen's alleged harassment of a female employee at the firm. von Ohlen, displeased with this turn of events, told Solon to follow the "good old boys" rules and turn a blind eye. When Solon refused, von Ohlen became openly hostile towards him, and Kaplan and Begy sided with von Ohlen.

In March of 1997, von Ohlen assaulted his secretary after a St. Patrick's Day party. The firm engaged outside counsel to investigate the incident and ultimately paid the secretary over $ 30,000 to settle her claim. Solon took the position that von Ohlen should pay the firm for the portion of the settlement not covered by insurance. Kaplan and Begy not only disagreed but also upped von Ohlen's compensation and dramatically cut Solon's compensation.

Late in 1998, Begy told Solon that he, Kaplan, and von Ohlen had negotiated a new partnership agreement and that Solon would be terminated as of December 31, 1998. The firm nevertheless asked Solon to continue representing the defendant [*4] in an aviation case on trial in California. Because trial was imminent, Solon agreed to do so. The firm then engaged outside counsel to prepare a separation agreement memorializing the rift between Solon and his former compatriots. Because the agreement stated that the separation was voluntary, Solon refused to sign it. In response, Kaplan, Begy, and von Ohlen stopped paying him, in the middle of the trial.

Solon contends that Kaplan, Begy, and von Ohlen and the firm forced him out in violation of the partnership agreement based on his age and because of his investigation of the two sexual harassment incidents. He also asserts that Kaplan, Begy, and von Ohlen refused to give him fee-generating files and assigned him administrative matters so he could not accumulate billable hours and further develop his law practice. Finally, he claims that his compensation was inadequate and that he is entitled to the return of his initial $ 50,000 investment in the firm.

In his six count complaint, Solon claims that the defendants violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Count I), the Age Discrimination in Employment Act, 29 U.S.C. § 621, [*5] et seq. (Count II), and the Illinois Human Rights Act, 775 ILCS § 5/1-101, et seq. (Count III), breached the partnership agreement and the covenant of good faith and fair dealing (Count IV), and breached the fiduciary duty of good faith and fair dealing of partners and joint venturers (Count V). Alternatively, he seeks an accounting and an order dissolving the partnership and distributing its assets under the Illinois Uniform Partnership Act, 205 ILCS § 205/1, et seq. (Count VI).

## II. Discussion

### A. Standard for a Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); [*6] Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir. 1991), citing Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984).

The court will accept all well-pled factual allegations in the complaint as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 53 L. Ed. 2d 557, 97 S. Ct. 2490 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. Craigs, Inc. v. General Electric Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992).

### B. Individual Capacity Claims

In Count I, Solon asserts Title VII and ADEA claims against the firm as well as Kaplan, Begy, and von Ohlen individually. Kaplan, Begy, and von Ohlen seek dismissal of the individual capacity claims, contending that the firm is the only proper defendant in a Title VII or ADEA action. [*7] In response, Solon points to Curcio v. Chinn Enterprises, Inc., 887 F. Supp. 190 (N.D. Ill. 1995). In that case, the court held that an individual defendant could be liable as an employer" under Title VII because he was the corporation's "alter ego."

Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day . . . and any agent of such person . . . ." 42 U.S.C. § 2000e(b). The ADEA's definition of employer mirrors this definition, although it calls for 20 employees. [1] EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1279-80 (7th Cir. 1995); 29 U.S.C. § 630(b). [2] So, can Solon successfully pursue his claims against Kaplan, Begy, and von Ohlen in their individual capacities? The court finds that the answer to this question is "no."

---

[1] The complaint alleges that the firm of Kaplan, Begy & von Ohlen had over fifteen employees. It is, however, entirely possible that discovery will reveal that it had twenty or more employees. Thus, dismissal of the ADEA count based on Solon's failure to allege the requisite number of employees is unnecessary at this time. See Conley v.

*Gibson*, 355 U.S. at 45-46 ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

[*8]

2    The definition of employer in the Americans with Disabilities Act matches the definitions in Title VII and the ADEA, so the court will also rely on ADA cases in connection with this issue. See *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d at 1279-80.

As a general rule, supervisors cannot be held liable in their individual capacities under the ADEA or Title VII for acts of discrimination in the workplace. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir.1999). The Seventh Circuit has also noted, in dicta, that an allegation that an individual was actually an alter ego of the employer does not create an exception to this rule. *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d at 1280. Specifically, in *AIC Security*, the Seventh Circuit noted that:

> We see no good reason why it should make any difference for our analysis whether [the defendant] was [the employer's] alter ego. She might be effectively liable if the corporate veil were pierced, and as sole shareholder she will necessarily absorb the pinch from [the [*9] employer's] liability, but as to her individual capacity liability it does not matter even if she was [the employer's] alter ego.

55 F.3d at 1282 n.11.

Seventh Circuit dicta is, of course, not binding. It does, however, provide a clear indication as to the Seventh Circuit's leanings on this issue. Moreover, the case at the heart of Solon's alter ego argument -- *Curcio v. Chinn Enterprises* -- does not persuade the court that Solon's position is sound. *See* 887 F. Supp. at 193-94. In *Curcio*, the court recognized that the Seventh Circuit would likely reject individual liability founded on an alter ego theory, but decided to follow its prior decision in *Fabiszak v. Will County Bd. Of Commissioners*, 1994 U.S. Dist. LEXIS 17712, *6, No. 94 C 1517, 1994 WL 698509, at *2-3 (N.D. Ill. Nov. 28 1994), until the Seventh Circuit squarely addressed the issue.

In contrast, the other courts in this circuit confronted with an alter ego theory have squarely rejected it based on *AIC Security*. *See, e.g. Bell v. Koerten*, 1999 U.S. Dist. LEXIS 16479, *5, No. 99 C 1040, 1999 WL 971282 *1-2 (N.D. Ill. Oct. 21, 1999); *Feltner v. Partyka*, 945 F. Supp. 1188, 1197 (N.D. Ind. 1996); [*10] *Coulter v. IRMCO Properties and Management Corp.*, 1996 U.S. Dist. LEXIS 2898, No. 94 C 7480, 1996 WL 111897 *3 (N.D. Ill. Mar. 12, 1996); *Hirsch v. Schmitt*, 1996 U.S. Dist. LEXIS 2461, No. 95 C 1700, 1996 WL 99956 *1 (N.D. Ill. Mar. 1, 1996); *see also Sullivan v. Presstronics, Inc.*, 1997 U.S. Dist. LEXIS 8402, No. 96 C 7436, 1997 WL 327126 *1 (N.D. Ill. Jun. 11, 1997).

Because the Seventh Circuit has unequivocally rejected Solon's alter ego theory (albeit in dicta), the court concludes that his reliance on *Curcio* is unpersuasive. It is true that Kaplan, Begy, and von Ohlen may well "absorb the pinch" if their firm is held liable. *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d at 1282 n.11. The fact that these individuals may ultimately satisfy their firm's obligations does not, however, mean that they are proper defendants in their individual capacities. *Id.* Accordingly, the individual capacity claims in Counts I and II (Title VII and the ADEA, respectively) are dismissed with prejudice.

### C. The Illinois Human Rights Act

The defendants also seek dismissal of Solon's Illinois Human Rights Act claim, contending that the Illinois Human Rights Commission has exclusive jurisdiction [*11] over requests for relief under the Illinois Human Rights Act. In support, the defendants direct the court's attention to 775 ILCS § 5/8-111(c), which provides that, "except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."

Section 5/8-111(c) vests the Illinois Human Rights Commission with exclusive jurisdiction over claims which fall under the Illinois Human Rights Act. *Geise v. Phoenix Co.*, 159 Ill. 2d 507, 515-516, 639 N.E.2d 1273, 1276, 203 Ill. Dec. 454 (1994). Consequently, federal courts lack jurisdiction to hear independent actions for alleged human rights violations if they are based on discrimination which is encompassed by the Illinois Human Rights Act. *Talley v. Washington Inventory Service*, 37 F.3d 310, 312 (7th Cir. 1994). Instead, a plaintiff who wishes to obtain a federal forum for a claim based on the Illinois Human Rights Act must first exhaust his or her administrative remedies with the Illinois Human Rights Commission. *Id.* at 313.

Solon expressly seeks relief under the Illinois Human Rights Act as well as Title VII. [*12] He asserts that he exhausted his administrative remedies as to both of these requests for relief by filing a charge with the Equal Employment Opportunity Commission ("EEOC") and filing this action within ninety days after receipt of a

right to sue notice from the EEOC. According to Solon, he can proceed from the EEOC to this court (without a detour to the Illinois Human Rights Commission) due to a "work sharing agreement" between the Illinois Department of Human Rights and the EEOC.

While Solon cannot amend his complaint in a response to a motion to dismiss, *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), he can hypothesize facts in his response which, if true, would allow him to state a claim, *Early v. Bankers Life*, 959 F.2d 75, 79 (7th Cir.1992). Thus, the court will consider whether Solon had to present his Illinois Human Rights Act claims to the Illinois Human Rights Commission in the first instance based on the workshare agreement.

A workshare agreement "allows the state to waive its exclusive right under Title VII to initially process certain claims and categorically defer first rights to the EEOC." *See Hong v. Children's Memorial Hosp.*, 936 F.2d 967, 969, 971 (7th Cir. 1991) [*13] (under workshare agreement, filing a Title VII claim with EEOC "can alone effect both initiation and termination of the state proceedings"). In other words, it allows a plaintiff to file a Title VII charge with the EEOC without first seeking relief from the Illinois Human Rights Commission. *Id.*

In Count III, however, Solon is attempting to seek relief under the Illinois Human Rights Act, not Title VII. The workshare agreement only covers claims which would have been initially processed by the EEOC if the Illinois Human Rights Commission did not exist. *See Sofferin v. American Airlines, Inc.*, 923 F.2d 552, 554-55 (7th Cir. 1991); *see also Hong v. Children's Memorial Hospital*, 936 F.2d at 970; *Zamani v. American Dental Assoc.*, 1998 U.S. Dist. LEXIS 18510, No. 98 C 1022, 1998 WL 812545 *3 (N.D. Ill. Nov. 18, 1998).

In other words, the workshare agreement allows litigants seeking relief under Title VII to skip the Illinois Human Rights Commission and proceed directly to the EEOC. It does not affect the Illinois Human Rights Commission's exclusive jurisdiction over requests for relief under Illinois Human Rights Act. This means that the court cannot exercise [*14] jurisdiction over Count III (Solon's request for relief under the Illinois Human Rights Act). These claims, therefore, are dismissed for failure to exhaust administrative remedies.

**D. Breach of Contract and Covenant of Good Faith and Fair Dealing Claims**

The defendants also assert that Illinois does not recognize a stand-alone claim for the breach of the implied covenant of good faith and fair dealing. Hence, they contend that, to the extent that Solon is attempting to raise this as a separate cause of action, he cannot prevail. It is true that, under Illinois law, there is no such thing as an independent claim for the breach of the implied covenant of good faith and fair dealing. *See Baxter Healthcare Corp. v. O.R. Concepts, Inc.*, 69 F.3d 785, 792 (7th Cir. 1995); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992). Therefore, to bring a claim for the breach of the implied covenant of good faith and fair dealing, a plaintiff must include it within a breach of contract claim. *Banco Del Estado v. Navistar Int'l Transp. Corp.*, 942 F. Supp. 1176, 1182 (N.D. Ill. 1996).

Solon's complaint does just that, as this [*15] claim for the breach of the implied covenant of good faith and fair dealing is included in Count IV, which is entitled "breach of contract and covenant of good faith and fair dealing." *See B.A. Mortgage & Int'l Realty Co. v. American Nat'l Bank and Trust Co. of Chicago*, 706 F. Supp. 1364, 1373 (N.D. Ill. 1989) (a complaint states a cause of action for breach of contract if it alleges a failure to act in good faith in exercising discretion permitted under the contract). The court declines to accept the defendants' tortured reading of the complaint, as Solon has clearly asserted the breach of the implied covenant of good faith and fair dealing as a subset of his breach of contract claim. The motion to dismiss Solon's implied covenant of good faith and fair dealing claim is, therefore, denied.

**IV. Conclusion**

The defendants' motion to dismiss [25-1] is granted in part and denied in part. Specifically, the individual capacity claims in Counts I and II (Title VII and the ADEA, respectively) are dismissed with prejudice, Count III (Solon's request for relief under the Illinois Human Rights Act) is dismissed based on failure to exhaust administrative remedies, [*16] and the motion to dismiss Count IV (Solon's implied covenant of good faith and fair dealing claim) is denied.

DATE: 2/9/01

Blanche M. Manning

United States District Judge